Henry F. FULTON, Jr.,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.

No. 84–1469.

United States Court of Appeals,
Tenth Circuit.

Feb. 24, 1986.

Eric G. Melders and Jack Gray, Oklahoma City, Okl., for plaintiff-appellant.

William S. Price, U.S. Atty., Oklahoma City, Okl., and Gayla Fuller, Reg. Atty., Gabriel Imperato, Deputy Reg. Atty., and Mary K. Biester, Asst. Reg. Atty., Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before HOLLOWAY, Chief Judge, and SEYMOUR, Circuit Judge.

SEYMOUR, Circuit Judge.

In *Fulton v. Heckler*, 760 F.2d 1052 (10th Cir.1985), we reversed the magistrate's affirmance of an administrative decision to deny Fulton social security disability benefits, and we remanded the case to the Secretary for prompt payment. Fulton has moved this court for an award of costs and attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982) (as amended by Act of August 5, 1985, Pub.L. No. 99–80, § 2, 99 Stat. 183, 184).

Under the Act, "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* at § 2412(d)(1)(A). In this circuit the test for substantial justification is essentially one of "reasonableness in both law and fact." *United States v. Community Bank & Trust Co.*, 768 F.2d 311, 314 (10th Cir.1985) (quoting *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984)). The Secretary opposes an award under the Act, contending that the Government's position was substantially justified

or, in the alternative, that the fee calculation proposed by Fulton is overstated.

The EAJA provides that " 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action ... by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2). In *Fulton*, we noted that the ALJ had improperly adopted the post-hearing medical report of a non-examining physician. *See* 760 F.2d at 1054–55. We further noted that subsequent to the briefs on appeal, the Secretary changed her position and conceded that Fulton satisfied section A of App. 1, § 12.04 (1984), and that he came close to meeting section B. Prior to that time she had vigorously argued the contrary. The only proper evidence supporting the administrative decision was a report by Dr. Donica which conflicted with the other medical opinions, with the testimony at the hearing, and with the history of Fulton's illness and treatment. Under these circumstances, we conclude that the Government's position was not substantially justified.

We reject the Government's contention, based on *Albrecht v. Heckler*, 765 F.2d 914, 916 (9th Cir.1985), that an award of fees is inappropriate whenever an ALJ fails to weigh conflicting evidence properly. The issue is whether the Government was reasonable in arguing that the ALJ's decision was supported by substantial evidence. It is entirely possible that an administrative record may be so deficient that the Government was not reasonable in relying on it even though the record contains some slight support for the administrative decision. *See Smith v. Heckler*, 739 F.2d 144, 147 (4th Cir.1984). We conclude that this is such a case and that an award under the Act is appropriate.

The pleadings filed with this court reveal that the proper calculation of the amount of fees and costs to be awarded involves disputed issues of fact which are best determined by the district court. Accordingly, we remand the case to the district court

for a resolution of the amount of the award.