Audette KEMP, Plaintiff-Appellant,

v.

Otis T. BOWEN, Secretary of Health
and Human Services,
Defendant-Appellee.

No. 86–1353.

United States Court of Appeals,
Tenth Circuit.

July 7, 1987.

Eric G. Melders and Jack Gray, Oklahoma City, Okl., for plaintiff-appellant.

William S. Price, U.S. Atty., Oklahoma City, Okl., and Gayla Fuller, Chief Counsel, Region VI; Patrick A. Hudson, Principal Regional Counsel, Social Sec. Disability Litigation Branch; and Marguerite Lokey, Asst. Regional Counsel, Office of the Gen. Counsel, Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

ORDER

Before LOGAN and SEYMOUR, Circuit Judges, and BROWN, Senior District Judge.*

WESLEY E. BROWN, Senior District Judge.

In *Kemp v. Bowen,* 816 F.2d 1469 (10th Cir., 1987), after determining that the Secretary's finding that Mrs. Kemp was not entitled to social security disability benefits was not supported by substantial evidence, we found that she was entitled to such benefits by reason of her disabilities, and the case was remanded for an immediate award of benefits from September 1, 1983.

Mrs. Kemp's attorneys, Eric Melders and Jack Gray, have now filed a Motion for Award of Attorney's Fees and Costs, pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (1982) (as amended by

* Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

Act of August 5, 1985, Pub.L. No. 99–80, Sec. 2, 99 Stat. 183, 184), and a separate Motion to Remand this case for the purpose of calculating attorney's fees under the Social Security Act, 42 U.S.C. Sec. 406(b)(1). The Secretary opposes an award of fees under the Equal Access to Justice Act upon the ground that the government's position was substantially justified—and in the alternative—the government claims that the amount of fees requested by counsel is excessive.

Criteria for the award of fees under 28 U.S.C. Sec. 2412 were recently discussed by Judge Seymour of this panel in *Fulton v. Heckler,* 784 F.2d 348 (10th Cir.1986), where it was noted that an allowance of fees under the Equal Access to Justice Act was to be made "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. Sec. 2412(d)(1)(A). In the Tenth Circuit, "the test for substantial justification is essentially one of 'reasonableness in both law and fact.' ..." (citations omitted), and we noted that the Act further provides that the " 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action ... by the agency upon which the civil action is based.' 28 U.S.C. Sec. 2412(d)(2)". *Fulton v. Heckler,* supra, 784 F.2d at 349.

We also rejected the contention that an award of fees is not appropriate when an administrative law judge simply fails to weigh conflicting evidence properly:

"The issue is whether the Government was reasonable in arguing that the ALJ's decision was supported by substantial evidence. It is entirely possible that an administrative record may be so deficient that the Government was not reasonable in relying on it even though the record contains some slight support for the administrative decision." (784 F.2d at 349.)

■ The burden rests with the government to prove that it was substantially justified in arguing that the denial of benefits was supported by substantial evidence. In *Weakley v. Bowen,* 803 F.2d 575 (10th Cir.1986), this court reiterated that the standard for determining "substantial justification" is that of reasonableness in both fact and law—and that—

"Neither this court nor any other court has applied a more stringent standard under which fees would be denied unless the government's position at least bordered on the frivolous or showed bad motivation or intransigence ... In fact, the more stringent standard of 'arbitrary, frivolous, unreasonable or groundless' proposed by the Department of Justice was explicitly rejected as too burdensome a standard for prevailing plaintiffs to meet ..." (803 F.2d at pp. 577–578).

■ In the case of Mrs. Kemp, we find that the government has failed to establish that it was substantially justified in denying her disability benefits. The only "scrap" of medical evidence tending to reinforce the finding of the Administrative Law Judge was contained in the written report of Dr. Mark Johnson, the consultant, who remarked that appellant's symptoms were "mild" after his one, initial examination, which suggested the existence of McArdle's Disease. While not so stating, it is apparent that the Administrative Law Judge totally rejected all of the evidence provided by Dr. Brown, plaintiff's treating physician for over fourteen years, and totally rejected the diagnosis of McArdle's Disease in the face of all medical evidence to the contrary.

It is also to be noted that while the Administrative Law Judge agreed that Mrs. Kemp's impairments limited her ability to stand or to walk in a vocational environment, he found that she was able to perform sedentary work and to return to her former vocation as a clerical worker, thus ignoring all of the evidence which established that she was unable to *sit* for any length of time because of her circulatory problems.

In view of this record, and as more fully discussed in our previous opinion directing that benefits be paid to Mrs. Kemp, we find that a reasonable attorney's fee should be assessed against the government under the Equal Access to Justice Act.

■ Counsel is also entitled to a fee award pursuant to 42 U.S.C. Sec. 406(b)(1), which provides that:

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." (Emphasis supplied).

The purpose of this statute is to provide for a discretionary award of fees out of past-due benefits recovered by a successful claimant, subject to the statutory maximum of 25%. The relation between a fee award under the Social Security Act, and a fee award under the Equal Access to Justice Act, was explained in our recent order regarding fees in *Weakley v. Bowen,* supra, 803 F.2d 575, 580:

"Congress made clear in the 1985 reenactment of EAJA that cases falling within the fee provision of the Social Security Act may also be subject to EAJA. To prevent double payment of fees for the same work under both statutes, however, Congress directed that the smaller amount be given to the client, since the Social Security Act fee award reduces the client's recovery of past due benefits ... Thus, the attorney will receive both the award under the EAJA and the award under the Social Security Act, but will be required to pay the smaller amount to his client."

While the test for awarding a fee under the Social Security Act, 42 U.S.C. Sec. 406(b)(1), is "reasonableness", the Equal Access to Justice Act provides that an attorney's fee should not be more than $75.00 per hour, in the absence of special circumstance: 28 U.S.C. Sec. 2412(d)(2)(A):

"(2) For the purposes of this subsection—

(A) 'fees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour *unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.);"* (Emphasis supplied).

In this case, Mrs. Kemp's attorneys request a fee at the rate of $100.00 per hour, plus an additional factor of $12.50 per hour attributable to cost of living increases. They contend that they should not be limited to the $75.00 per hour figure because of the presence of special factors in this case such as the contingency nature of the recovery, the special skills which they possess in the conduct of social security litigation; the market rate for services in this area of the law and the near absence of other practitioners in their area of law in the State of Oklahoma.

The government contends that any increase in the fee in excess of $75.00 would not be warranted in this case, "because plaintiff has not shown that an increase in the cost of living or a special factor justifies a higher fee."

Because the pleadings filed with this court reflect that a proper calculation of the amount of fees and costs to be awarded in this case, both under the Social Security Act and the Equal Access to Justice Act, depends upon the resolution of disputed issues of fact, we find that the issue can best be determined by the district court, and we therefore remand the question of fees to the district court for appropriate hearing and determination. See *Fulton v. Heckler,* supra, 784 F.2d 348. After determining appropriate amounts to be paid under the Social Security Act and the Equal

Access to Justice Act, the district court should issue such order as may be required to prevent the double payment of fees for the same work, as discussed in our opinion and order found in *Weakley v. Bowen,* supra, 803 F.2d at 580.