Magdelena LUNA, et al., Plaintiffs,

and

Gerald Goad, Plaintiff-Intervenor,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 83-K-1431.

United States District Court, D. Colorado.

July 7, 1987.

R. Eric Solem and Bernard A. Poskus, Legal Aid Society of Metropolitan Denver, Denver, Colo., for plaintiffs.

James R. Cage, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER GRANTING ATTORNEY FEES

KANE, District Judge.

This matter is before me now on plaintiff-intervenor's application for an award of attorney fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d).[1] Defendant has responded to

1. 28 U.S.C. § 2412(d)(1)(A) provides:
Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States, fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred

plaintiff's application for attorney fees and plaintiff has filed a reply. After reviewing the pleadings of the parties and the record, I find plaintiff is entitled to an award of attorney fees and grant his motion accordingly.

Defendant makes no objection as to the reasonableness of the hours expended (18.-1), nor the rate charged ($75.00 per hour). Thus, the resulting amount ($1,357.50) is not disputed.[2] The dispute centers solely on whether the Secretary's legal position in this case was "substantially justified."

## I.

### BACKGROUND

On August 19, 1986, I reversed the decision of the Secretary denying plaintiff-intervenor Gerald Goad disability benefits. Accordingly, I ordered disability benefits be paid to Mr. Goad. I ruled, in part, that the Appeals Council's review of an administrative record producing a different ruling on credibility defeats the very purpose of a trial or of a hearing before an administrative law judge. The Secretary nevertheless claims his position was substantially justified and, therefore, plaintiff is not entitled to attorney fees under the EAJA.

## II.

### DEFENDANT'S OBJECTIONS

The Secretary states his position denying benefits to plaintiff is substantially justified for three reasons. First, the Secretary claims the Appeals Council legitimately could reverse findings of credibility made by the ALJ, because the observations of the consulting physician and the consulting psychologist do not note any significant pain behavior. Defendant's brief at 3. Second, the Secretary claims his offer to remand this case at oral argument on August 19, 1986 justifies the Secretary's prior position in denying benefits. Defendant's brief at 5. Third, the Secretary attempts to distinguish two recent Tenth Circuit opinions awarding EAJA fees to the respective plaintiffs by stating "no doctor concluded Plaintiff Goad was disabled." Defendant's brief at 5–6.

## III.

### CONCLUSIONS OF LAW

■ The burden rests on the government to show substantial justification once a plaintiff prevails in an action against the United States. *Wyoming Wildlife Federation v. United States,* 792 F.2d 981, 985 (10th Cir.1986); *Fulton v. Heckler,* 784 F.2d 348, 349 (10th Cir.1986). The test of substantial justification is whether the government's position is reasonable both in law and fact. *United States v. Community Park and Trust,* 768 F.2d 311, 314 (10th Cir.1985); *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1487 (10th Cir.), *cert. denied,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984).

■ The Secretary argues the Appeals Council "carefully considered" plaintiff's pain but rejected his credibility because his pain was out of proportion with the "objective findings of the record." Such is neither reasonable in fact nor in law. The Secretary does not point to any evidence in his favor, but instead concludes plaintiff is not under disability because of the lack of objective evidence.

The Secretary's assertions are patent error. The assertion that no doctor concluded plaintiff was disabled simply ignores the record. Dr. Bell, in his February 18, 1986 report stated:

> The basic underlying problem appears to be more of a musculoskeletal abnormality, with constant painful spasm. He

by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantialy justified or that other special circumstances make an award unjust.

2. Plaintiff requests another $300.00 in fees based on four additional hours spent in responding to the Secretary's brief in opposition to this motion for attorney fees. Thus, the total application is for $1,657.50. I find the time and rate to be reasonable.

does have the extra lumbar vertabra, which certainly predisposes people to low back problems. I can certainly see where he would have a difficult time finding any type of work on a regular basis, considering all his limitations. He's a gentleman who has been fairly well motivated in the past, though at this point feels very perpexled and has lost heart that he can hold any type of non-skilled job that requires use of his back. I can identify with this gentleman's situation. I understand he also has some hypertension problems and is under treatment for this. It may well be that he needs further in-depth investigation of this low back problem, specifically further x-rays and possibly a CT scan of the lumbosacral spine. That's the easiest way to update his situation compared to the intense evaluation back in 1978.

Trans. at 132.

Plaintiff's treating physician, Dr. John McWillaims, treated plaintiff from 1960. Contrary to the Secretary's conclusion, Dr. McWilliams based his opinions of disability on x-rays, mylograms, straight-leg tests, and physical examination. *See* Trans. at 111, 122–127. The severity of plaintiff's back pain was also noted by Dr. John T. Lynn on February 1, 1985. *See* Trans. at 112–115.

The evidence is replete with *objective evidence* which reasonably could cause disabling pain. To state there is a lack of objective evidence is not to read the entire record. The Secretary further claims he is justified in denying the claim based on the absence of recorded pain behavior by the consulting psychologist and the consulting physician. It should be noted the consulting psychologist evaluated plaintiff as to his intellectual capacity and found him to be functioning on a borderline level. She was not asked, however, to perform an evaluation with respect to plaintiff's back.

The consulting physician was the only physician of those examining plaintiff who concluded plaintiff had "low back pain by history with very few objective findings." He did not, however, note an *"absence of objective findings."* The consulting physi-

cian noticed on x-ray that plaintiff had a transitional vertebra, a condition Dr. Bell states predisposes one to back pain. Contrary to the Secretary's position, this is the only piece of evidence which could be stretched to conclude plaintiff did not have any disabling back pain. The evidence to the contrary, however, is overwhelming.

In cases analogous to the instant case, the Tenth Circuit has awarded attorney fees because the Secretary relied on a consultant report despite contrary evidence of disability from numerous other physicians. *See Weakley v. Bowen*, 803 F.2d 575 (1986); and *Fulton v. Heckler*, 784 F.2d 348 (10th Cir.1986). In these cases the court found the Secretary was not substantially justified in denying the claims on this basis. The fact the Social Security Administration has *some evidence* as opposed to *no evidence* does not make the Secretary "substantially justified." *Fulton v. Heckler, supra; Cornella v. Schweiker*, 728 F.2d 978, 983 n. 9 (8th Cir.1984).

■ Next, the Secretary asserts he can avoid attorney fees by merely agreeing to remand the case at oral argument. The Secretary vigorously fought this case at all lower levels and filed his answer denying benefits and not agreeing to remand until oral argument. If I had remanded this case, then perhaps the Secretary's stipulation to remand would have been substantially justified. I reversed the Secretary's decision, however, finding no substantial evidence to support his decision. Further, a consent to remand would not obviate an EAJA award if the government files an answer before agreeing to remand. *Jackson v. Heckler*, 629 F.Supp. 398 (S.D.N.Y. 1986).

■ The Secretary only can make findings of incredibility based on specific factors enumerated in the decision. *See Hogan v. Schweiker*, 532 F.Supp. 639 (D.Colo.1982). The instant case, however, is unique because the administrative law judge who heard plaintiff's testimony and reviewed all of the medical records found him to be credible and found his symptoms of pain were reasonably related to objective impairments. The Appeals Council simply

reversed stating "these complaints are out of proportion to what reasonably can be expected from the objective findings of the record." As I stated earlier, "[the Appeals Council's statements] defeat the very purpose of a trial or of a hearing before an administrative law judge." Thus, the Appeals Council did not state legitimate reasons for reversing the ALJ's findings of credibility.

■■■ Finally, the Appeals Council violated 42 U.S.C. § 423(d)(5)(A) by suggesting pain must be continous and unrelenting rather than "intermittent." The Disability Benefits Reform Act only requires that pain be reasonably related to an underlying impairment and not that pain be continuous and unrelenting. Also, the Secretary must consider fully any subjective statements of pain where there is medical evidence of impairment. *Turner v. Heckler*, 754 F.2d 326 (10th Cir.1985).

## IV.

### CONCLUSION

The Secretary's position was not "substantially justified" within the meaning of the EAJA, i.e., the government's position was not "reasonable in both law and fact." *See Wyoming Wildlife Federation v. United States*, 792 F.2d 981, 985 (10th Cir. 1986). Since the Secretary's position is not substantially justified, I grant attorney fees pursuant to the EAJA.

IT IS THEREFORE ORDERED THAT:

1. Defendant shall pay plaintiff-intervenor's attorney fees in the amount of $1,668.75.