**Joey GUTIERREZ, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. 88–C–0331A.**

United States District Court, D. Utah, C.D.

Sept. 25, 1990.

**666**

Maureen L. Cleary, Ward Harper, Salt Lake City, Utah, for plaintiff.

Dee Benson, U.S. Atty. for Utah, Richard D. Parry, Deana Ertl–Lombardi, Asst. U.S. Attys., Salt Lake City, Utah, for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

ALDON J. ANDERSON, Senior District Judge.

### I. Introduction

Before the court is plaintiff's motion for award of attorney's fees. The court heard oral argument on this motion on August 3, 1990 and took the motion under advisement. Because the decision of the Secretary denying disability benefits was substantially justified, plaintiff is not entitled to an award of attorney's fees and the motion must be denied.

### II. Factual Background

Plaintiff, Joey Gutierrez, filed a complaint with this court contesting a decision of the Secretary of Health and Human Services (the "Secretary") denying his claim for disability and supplemental income benefits under the Social Security Act. Finding that the Secretary had not met his burden of proof in showing that the plaintiff had the capacity to perform other jobs in the national economy, the court remanded the case to the Secretary for further review. Subsequently, on June 8, 1989, the Appeals Council issued its final decision that plaintiff was disabled under Titles II and XVI of the Social Security Act and was entitled to receive benefits. On December 12, 1989, plaintiff filed a motion for entry of final judgment and award of attorney's fees. On May 8, 1990, this court entered an order for final judgment which allowed plaintiff to renew his motion for award of attorney's fees. The issue was briefed by the parties and the court heard oral argument on the motion.

### III. Analysis

The Equal Access to Justice Act, 28 U.S.C. § 2412 (1982), (hereinafter "EAJA") provides for the award of attorney's fees to a private litigant who prevails in a civil action against the United States. Specifically, 28 U.S.C. § 2412(d)(1)(A) (1982) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

A position is substantially justified if it is "'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988). This standard may also be described as a "reasonable basis both in law and fact." *Id.* However, "a position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n. 2, 108 S.Ct. at 2550 n. 2. The burden of proof "rests with the government to prove that it was substantially justified in arguing that the denial of benefits was supported by substantial evidence." *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir.1987).

A position may be substantially justified even though it was not supported by substantial evidence. If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir.1988). Reasoning that such an automatic award of fees under the EAJA would be contrary to the intent of Congress, the Tenth Circuit has adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1269.

Plaintiff originally alleged he was disabled as a result of back problems (R. 188, 193), but during the course of the evaluation, it became apparent that he was also mentally impaired. (R. 124–25, 126–28). Plaintiff was granted a hearing before an Administrative Law Judge ("ALJ") to evaluate the merits of his claim. After evaluating plaintiff's medical reports and after having orally examined plaintiff, the ALJ issued a decision dated August 20, 1986 finding that plaintiff was not disabled. Plaintiff appealed this decision to the Appeals Council and was granted another hearing before a different ALJ. At that hearing, the ALJ considered considerable evidence on the plaintiff's mental impairment in relation to his ability to work. The ALJ found that while plaintiff was impaired, he had sufficient residual capacity to perform certain sedentary jobs with a low stress level. The ALJ then ask hypothetical questions of a vocational specialist to determine the availability of jobs for

> a male individual 34 to 37 years of age, with a tenth grade education and past "unskilled," "medium" level exertion as a sandblaster, and the residual functional capacity for "sedentary" exertion and specified work placement in a structured environment not requiring independent judgments and a good deal of supervision.

(R. 19). Relying on the testimony of the vocational specialist that there was a significant number of such jobs in the national economy which such an individual could perform, the ALJ issued a decision dated August 31, 1987 again finding that plaintiff was not disabled. (R. 15). The use of such hypothetical questions in such a hearing is not improper and may be an effective means of examination. An ALJ may rely on the responses of vocational specialists to such hypothetical questions to make a determination that a claimant is not disabled even if the questions do not fully itemize all of the disabilities alleged by the claimant. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir.1986).

In reviewing the Secretary's decision to deny disability benefits, this court determined that the Secretary had failed to meet his burden in showing there was a significant number of jobs in the national economy which plaintiff could perform. The court found that the ALJ properly evaluated all relevant evidence in making his determination that the pain plaintiff was suffering was not disabling. With regard to plaintiff's mental impairment, however, the court found that the ALJ did not fully take into account the evidence relating to the plaintiff's mental impairment, and that certain evidence was either misunderstood or misapplied.

Specifically, the court found that the ALJ did not properly consider the medical report of Dr. Ghicadus concerning the plaintiff's ability to understand, remember and carry out simple job instructions. In his report Dr. Ghicadus wrote of the plaintiff:

> When questioned directly about his ability to remember job instructions, detailed, complex etc. he says he could not do this, but seems to represent a rather generic negative response and to further the characterization of his being disabled. However, his responses on the mental status would belie the notion that he has significant memory disturbance. It is very difficult to separate out what impairment he has that is real, academic or what is due to his (alleged) preoccupation

with his somatic problems and his pain. There is so much subjectivity to his complaints.

(R. 360–61). On a standardized form, Dr. Ghicadus placed an "X" on a line indicating the plaintiff had poor or no ability to understand, remember and carry out simple job instructions. Yet, Dr. Ghicadus qualified this response with the following handwritten comment:

> It is his professed response that he cannot do this [understand, remember, and carry out simple instructions]. His memory responses on mental status would indicate he *could* or *does have* sufficient memory recall to handle simple job instructions.

(R. 362, emphasis in original). Thus, the report of Dr. Ghicadus itself raised serious questions about the extent of the plaintiff's mental impairment. The ALJ had the opportunity at the hearing to ask questions of plaintiff and to observe his responses and demeanor. The ALJ carefully considered all of the evidence and included numerous references in his report supporting his decision. The court is convinced that the ALJ's decision was supported by evidence sufficient to allow a reasonable person to believe the decision was supported by substantial evidence. *Compare Martinez v. Secretary of Health & Human Services*, 815 F.2d 1381, 1383 (10th Cir.1987) (government was substantially justified in denying disability benefits where there were conflicting district court interpretations of the proper medical improvement standard); *Albrecht v. Heckler*, 765 F.2d 914, 916 (9th Cir.1985) (government was substantially justified where some evidence existed supporting decision to deny benefits) *with Weakley v. Bowen*, 803 F.2d 575, 579 (10th Cir.1986) (government was not reasonable in arguing that there was substantial evidence that surgery would restore claimant's ability to work); *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir.1987) (government was not substantially justified where ALJ totally rejected all evidence provided by claimant's treating physician and rejected diagnosis in the face of all medical evidence

to the contrary); *Fulton v. Heckler*, 784 F.2d 348 (10th Cir.1986) (government was not substantially justified where the only evidence supporting the denial of benefits was a report which conflicted with other medical opinions, with the testimony at the hearing, and with the history of the claimant's illness and treatment).

### IV.   Conclusion

This was not a case in which the Secretary's decision to deny benefits was clearly incorrect. On the contrary, the decision appears to have been reasonable, but was not supported by substantial evidence. The burden was on the Secretary to show that there was a significant number of jobs in the national economy which plaintiff could perform given his physical and mental impairments. Not finding substantial evidence to support the Secretary's decision, the court remanded the case for reconsideration of the evidence but did not make a determination that the decision itself was incorrect, only that it was unsupported by substantial evidence.

Given the evidence concerning plaintiff's ability to work, including the testimony of the vocational specialist that a significant number of jobs existed in the national economy which plaintiff could perform, the position of the Secretary in denying plaintiff benefits under the Social Security Act was substantially justified or "justified in the main." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988). Therefore, plaintiff's claim for attorney's fees does not meet the statutory requirements of the EAJA and the motion for the award of attorney's fees must be denied.

IT IS SO ORDERED.