931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Helen J. PARKS, Plaintiff-Appellant,
v.
Otis R. BOWEN, in his official capacity as Secretary of the
Department of Health & Human Services, Defendant-Appellee.
 No. 88-1049.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1991.
 
 Before ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Helen Parks sought review of Secretary's final decision denying her application for SSDI and SSI benefits pursuant to 42 U.S.C. Secs. 405(g) and 1383(c)(3). The district court reversed the Secretary's decision and awarded benefits.
 
 
 3
 Plaintiff then filed an application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412. The district court denied this application without explanation. This court partially remanded this case "for further proceedings to allow the district court to articulate the facts which support its ... order denying plaintiff's application for attorney's fees...."
 
 
 4
 On remand, the district court offered the following explanation for its decision:
 
 
 5
 I thought that it was a close factual case in the sense the plaintiff's condition required close evaluation as to whether it was so severe as to preclude light work.... I still felt that on the merits of the case, you could look at this ankle problem that she had and the other evidence that was present and still say that there was a justifiable argument to be made that she could do light work and, hence, was not disabled.
 
 The court, however, also noted:
 
 6
 [A]t the time I entered this order, we didn't have the case law from the U.S. Supreme Court or from the court of appeals that indicates in the--on a very fine line, it seems to me, that Equal Access to Justice Act awards under more recent case law, and I allude specifically to Commissioner of Immigration and Naturalization Services versus Jean, et al, decided June 4, 1990 by the Supreme Court, that the concept of what is a substantially justified position has been elaborated upon by these courts. And so my decision today would probably have been to award attorneys fees.
 
 
 7
 Plaintiff now appeals this decision.
 
 
 8
 Based on the record in this case, we agree with the district court that plaintiff is entitled to recover fees under the Supreme Court's recent decision in Commissioner, INS v. Jean, 110 S.Ct. 2316 (1990). The Equal Access to Justice Act provides in pertinent part:
 
 
 9
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 10
 28 U.S.C. Sec. 2412(d)(1)(a). The Secretary has the burden of proving the agency's position was substantially justified. See Kemp v. Bowen, 822 F.2d 966, 967 (10th Cir.1987). The Supreme Court has held an agency's position is substantially justified if it is "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 553 (1988).
 
 
 11
 To avoid a fee award, the Secretary must demonstrate both the agency's prelitigation conduct and its subsequent litigation positions were substantially justified. Jean, 110 S.Ct. at 2319. The Supreme Court noted in Jean that Congress intended " 'to provide for attorney fees when an unjustifiable agency action forces litigation, and the agency then tries to avoid such liability by reasonable behavior during the litigation.' " Id. at 2319 n. 7 (quoting H.R.Rep. No. 98-992, pp. 9, 13 (1984)).
 
 
 12
 The district court denied plaintiff's fee application because it believed the agency's litigation positions were substantially justified. The court, however, did not consider the agency's actions giving rise to this litigation in reaching its decision. We must decide whether this conduct "would satisfy a reasonable person" to determine whether plaintiff is entitled to an award of attorneys' fees.
 
 
 13
 The district court has provided the answer. In reversing the Administrative Law Judge's (ALJ) decision denying plaintiff SSDI and SSI benefits, the district court found the agency's prelitigation conduct was unreasonable. The court concluded the ALJ (1) ignored a remand order from the Appeals Council; (2) misstated and ignored documentary evidence; (3) engaged in a "hunt and peck" fact-finding system contrary to the substance and thrust of the record; and (4) lacked substantial evidence to support his conclusions. Based on the Supreme Court's holding in Jean, plaintiff is entitled to attorneys' fees under the Equal Access to Justice Act. We therefore REVERSE the district court and REMAND for further proceedings consistent with this opinion. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3