**Michael D. ELZEY, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

No. 94–4240–SAC.

United States District Court, D. Kansas.

May 2, 1996.

Ann M. Zimmerman, Flint Hills Legal Services, Manhattan, KS, for plaintiff.

Melanie D. Caro, Office of United States Attorney, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

On September 26, 1995, this court entered a memorandum and order reversing the decision of the Commissioner and remanding the case to the Commissioner with directions to award Elzey benefits immediately. See Elzey v. Chater, No. 4240–SAC, 1995 WL 646800 (D.Kan. Sept. 26, 1995). This case comes before the court upon Elzey's "Application for Attorney's Fees under the Equal Access to Justice Act" (Dk. 12). Elzey contends that the Commissioner's position was not substantially justified. Elzey seeks an EAJA award in the amount of $5,306.40, or 45 hours at $117.92 per hour.

The Commissioner responds, arguing that her position was substantially justified. In the alternative, the Commissioner requests that any award of attorney's fees under the EAJA be reduced as the number of hours requested is excessive. Elzey filed no reply.

### Applicable Law

The standards for determining whether an award of attorney fees under the EAJA is appropriate are well-settled. In Gutierrez v. Sullivan, 953 F.2d 579 (10th Cir.1992), the court of appeals recently summarized the law relevant to an award of fees under the EAJA.

The EAJA requires a court to award fees and other expenses to a prevailing party in a suit against an agency of the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving that its position was substantially justified. Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991). "In this circuit the test for substantial justification is essentially one of 'reasonableness in both law and fact.'" Fulton v. Heckler, 784 F.2d 348, 349 (10th Cir.1986) (quoting United States v. Community Bank & Trust Co., 768 F.2d 311, 314 (10th Cir.1985)).

"[T]he reasonableness test breaks down into three parts: the government must show 'that there is a reasonable basis ... for the facts alleged ...[;] that there exists a reasonable basis in law for the theory it propounds; and that the facts will reasonably support the legal theory advanced.'" Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir.1988) (quoting United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1487 (10th Cir.), cert. denied, 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984)). We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits. Fulton, 784 F.2d at 349.

Id. at 584–585. See French v. Sullivan, No. 89–1122–C, 1992 WL 24098, 1992 U.S. Dist. LEXIS 1367 (D.Kan. January 8, 1992) (summarizing applicable law for award of fees against Secretary under EAJA).

### Issues

#### Was the Commissioner's position substantially justified?

The Commissioner's denial of Elzey's application for benefits was not substantially justified. In reversing the Commissioner's decision and remanding the case for an immediate award of benefits, the court noted that "the reasons articulated by the ALJ for disbelieving Elzey's testimony are not only unsupported by the record, but are to an extent directly contradicted by the record." In finding Elzey's testimony lacked credibility, the ALJ erroneously relied in substantial part on one exhibit. See Elzey, 1995 WL 646800, at *4. In her opposition to Elzey's fee request, the Commissioner simply states that her position was substantially justified. The Commissioner makes no attempt to specifically demonstrate that her position was

substantially justified. Under these circumstances, the court concludes that the Commissioner's position was not substantially justified.

**What is an appropriate award of fees?**

The Commissioner does not contend that Elzey's request for attorney's fees at a rate of $117.92 per hour is unreasonable. Instead, the Commissioner's attack focuses on the amount of hours claimed by Elzey's attorney to represent him. The Commissioner contends that the number of hours claimed by Elzey's attorney is excessive. The court, having examined Elzey's counsel's records and affidavit, concludes that the number of hours claimed by Elzey's attorney is reasonable. In reaching this conclusion the court has reviewed the entire court file, considered the contingency nature of the attorney's fee arrangement, the delay in payment of fees, the complexity of the issues presented, the success and quality of the representation. Having considered all relevant factors, the court concludes that an appropriate award of EAJA fees in this case is $5,306.40.

IT IS THEREFORE ORDERED that Elzey's "Application for Attorney's Fees under the Equal Access to Justice Act" (Dk. 12) is granted. Elzey is awarded attorney's fees in the amount of $5,306.40.