UNITED STATES COURT OF APPEALS
**Filed 10/17/96**
FOR THE TENTH CIRCUIT

CAROLYN CARROLL,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No.  96-5054
(D.C. No. CV-93-1137)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**]  District
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable G. Thomas Van Bebber, Chief Judge, United States District
Court for the District of Kansas, sitting by designation.

argument.  <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Carolyn Carroll (claimant) appeals from an order of the district court denying her motion for attorney's fees under the Equal Access to Justice Act (EAJA),  28 U.S.C. § 2412(d).  The Commissioner denied her application for disability benefits, and she appealed to the district court.  The parties consented to have a magistrate judge decide the appeal, and the magistrate judge (Magistrate Judge Wolfe) remanded the case to the Commissioner for further findings.  Claimant then applied to the district court seeking fees under the EAJA, which provides that attorney's fees shall be awarded "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  § 2412(d)(1)(A);  <u>Kemp v. Bowen</u>, 822 F.2d 966, 967  (10th Cir. 1987).  The magistrate judge assigned to hear the fee request (Magistrate Judge Joyner) denied fees, finding the government's position had been substantially justified.  Claimant appeals, contending that the government's position was not substantially justified when the remand was ordered.

We review the district court's determination of whether to award fees under the EAJA for abuse of discretion.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 558-59

(1988). We have jurisdiction over this appeal by virtue of 28 U.S.C §§ 636(c)(3) and 1291, and we affirm.

Under the EAJA, the government bears the burden of showing that its position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir.1988). To do so, the government must prove that its case had a reasonable basis in law and in fact. Pierce , 487 U.S. 552, 565-66. The Supreme Court defined the term "substantially justified" as "'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." Id. at 565. The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Claimant alleged disability due to osteoarthritis, back problems, depression and heart problems. Following a hearing, the administrative law judge (ALJ) determined that claimant was unable to perform her past relevant work as a certified drug and alcohol abuse counselor. The ALJ proceeded to step five of the sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing five steps), at which step the Commissioner has the burden to show a claimant retains the residual functional capacity (RFC) to do other work that exists in the national economy. The ALJ concluded claimant retained the RFC to do a full range of light work, relying on the "grids," the Medical-

Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, to conclude she was not disabled.

When a claimant's ability to work at a certain RFC level is limited by nonexertional impairments, such as pain, conclusive application of the grids is not appropriate and the Commissioner must produce expert vocational testimony or other similar evidence. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993); Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir. 1991). However, if there is substantial evidence for the ALJ to determine that a claimant's nonexertional impairments are insignificant, the grids may be applied conclusively. See, e.g., Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir.1994); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1030 (10th Cir.1994)(citing Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir.1988)(presence of nonexertional impairment does not preclude use of grids if nonexertional impairment does not further limit claimant's ability to perform work)); Thompson, 987 F.2d at 1488.

In this case, the ALJ found that although claimant suffered pain, a nonexertional impairment, the pain was "no more than mild, and would not interfere with her concentration or performance of work-related activities." R. Vol. II, at 105. The ALJ found claimant's complaints as to the severity of her pain not credible, because the medical evidence showed that her range of motion

was not significantly restricted and there were inconsistencies in some of her alleged symptoms and the medical evidence. Id. at 104, 105.

On appeal, Magistrate Judge Wolfe rejected plaintiff's contentions that the ALJ violated the treating physician rule and improperly evaluated claimant's complaints of pain under Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). Magistrate Judge Wolfe also found substantial evidence supported the ALJ's finding that claimant's pain was not disabling in itself. However, he concluded there was substantial evidence claimant did suffer from pain, and that "a question exists as to what degree." R. Vol. I, at 30. Magistrate Judge Wolfe found substantial evidence did not support the ALJ's finding the pain was insignificant and, therefore, concluded, "[a]fter much deliberation, . . . that the ALJ should have called a [v]ocational [e]xpert to testify" as to the impact of claimant's nonexertional pain impairment. Id. Magistrate Judge Wolfe characterized the remand issue as "a close call," because "[n]o hard-and-fast rule on this issue exists." Id.

Claimant contends Magistrate Judge Joyner misunderstood Magistrate Judge Wolfe's remand order. We disagree. Magistrate Judge Joyner explained that Magistrate Judge Wolfe had rejected two of claimant's contentions, and found the third one, the question of whether claimant's pain was insignificant, a

close question. We conclude Magistrate Judge Joyner correctly summarized Magistrate Judge Wolfe's order.

Claimant also contends that the government's position was not substantially justified because Magistrate Judge Wolfe found there was not substantial evidence to support the ALJ's conclusion that claimant's pain was insignificant. This assertion overlooks our holding that a reversal based on lack of substantial evidence does not necessarily mean the government's position lacked substantial justification. Hadden, 851 F.2d at 1269. The relevant inquiry here is whether the government's position was reasonable in law and in fact.

Claimant asserts the government's position was not substantially justified because the ALJ's failure to call a vocational expert was legal error. This contention demonstrates a misunderstanding of the ALJ's decision, the applicable Social Security regulations and prior rulings of this court. Whether vocational expert testimony, or other similar evidence, was necessary in this case depended on whether or not claimant's pain was insignificant, a factual, rather than a legal, determination. The applicable regulations permit, but do not require, the use of specialists:

> Use of vocational experts and other specialists. If the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue, we may use the services of a vocational expert or other specialist. We will decide whether to use a vocational expert or other specialist.

20 C.F.R. § 404.1566(e); 20 C.F.R. § 416.966(e). As noted above, this court's decisions make clear that "[t]he mere presence of a nonexertional impairment does not preclude reliance on the grids. . . . [t]he pain must interfere with the ability to work." Thompson, 987 F.2d at 1488 (citations omitted); see also Glass, 43 F.3d at 1396.

After careful review of the parties' briefs and appendices,[1] and after consideration of the applicable law, we conclude that Magistrate Judge Joyner did not abuse his discretion in denying claimant's EAJA fee application. The government's position has been that the ALJ's application of the grids, without consultation with a vocational expert, was appropriate because there was substantial evidence in the record to indicate that the claimant's pain was minimal and would not significantly compromise the otherwise available range of light jobs. Our review of the evidence leads us to conclude that both the ALJ's and the

---

[1] Plaintiff did not include in the record a copy of either the government's brief or her brief to district court on appeal from the Commissioner's denial of benefits. The court, in determining whether the government's position was substantially justifiable, is to do so on the "basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). However, we assume that the government's brief in opposition to the award of fees, as contained in the record, has placed the government's position in the most favorable light and base our decision on that brief's description of the government's position.

government's position concerning the use of the grids, rather than a vocational expert, was reasonable both in law and in fact.  In particular, the medical evidence from Drs. Krautter and Williams, which indicated only mild osteoarthritis, and the evidence of claimant's daily activities, which included attending college full time; using an exercise bicycle and treadmill for forty-five minutes a day; daily cooking, cleaning, and shopping; and frequent fishing, swimming, and gardening, supported the ALJ's conclusion that claimant's pain was insignificant and would not limit the range of jobs available to her.  As noted above, Magistrate Judge Wolfe found the ALJ's decision not to obtain vocational consultation was a "close call."  We agree with this assessment, and "find that the closeness of the question is, in itself, evidence of substantial justification." Cummings v. Sullivan, 950 F.2d 492, 498 (7th Cir. 1991)(citing Jackson v. Bowen, 807 F.2d 127, 129-30 (8th Cir. 1986)(per curiam) and Donovan v. DialAmerica Marketing, Inc., 757 F.2d 1376, 1389 (3d Cir.), cert. denied,  474 U.S. 919 (1985)).

      The judgment of the district court is AFFIRMED.

                        Entered for the Court

                        Mary Beck Briscoe
                        Circuit Judge