**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 7, 2006**

**FOR THE TENTH CIRCUIT**

JOHN A. FLEMING,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 06-1048
(D.C. No. 04-cv-2048-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **BRORBY**, and **EBEL**, Circuit Judges.

Plaintiff John Fleming appeals from the district court's denial of his motion

for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

After Fleming's application for disability insurance benefits was denied, he requested a hearing before an administrative law judge (ALJ). Fleming was not represented by counsel at the hearing. The ALJ found that Fleming had severe bilateral degenerative joint disease (DJD) in his knees, but the ALJ denied relief on the basis that Fleming retained the residual functional capacity (RFC) to perform his past relevant work and was therefore not disabled. The Appeals Council denied Fleming's request for review. Fleming appealed, and the district court reversed and remanded for further proceedings.

The district court found three legal errors in the ALJ's decision: (1) failure to make the necessary findings at each of the RFC assessment phases–specifically the ALJ's failure to address plaintiff's functional capacity to stand and walk in an eight-hour workday; (2) the resulting failure to adequately address Fleming's standing/walking limitations in the operative hypothetical presented to the vocational expert; and (3) the ALJ's failure in his heightened duty to adequately develop the record, in light of the fact that plaintiff was not represented by counsel. Based upon these errors, the district court found that the ALJ's assessment of Fleming's RFC in the fourth step of the five-step analysis was not grounded in substantial evidence in the record. *See* 20 C.F.R. § 404.1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) ("The Social Security Administration employs an oft-repeated five-part sequential evaluation process for determining whether a claimant is disabled.").

Fleming filed a motion for fees under the EAJA. The district court denied the motion, concluding that, when viewed under a totality of the circumstances, the Commissioner's position was reasonable in fact and law, and therefore substantially justified.

Under the EAJA, a fee award is required if (1) Fleming is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA explains that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). The only dispute in this appeal is whether the government's position was substantially justified.

The government's position was substantially justified if it was "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotation omitted). The Supreme Court equated this standard with a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. *Id.* Moreover, the government's "position can be justified even though it is not correct . . . and it

can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct . . . ." *Id.* at 566 n.2.

In opposing Fleming's motion for fees, the Commissioner contended that the government's position prior to the district court's reversal was substantially justified. In her brief on the merits, the Commissioner had conceded that the ALJ's assessment of RFC was defective. However, she argued that the ALJ's failure to make findings on Fleming's standing/walking capacity was harmless error in light of the other evidence in the record that she contended supported the ALJ's decision. Specifically, the Commissioner pointed to the fact that the ALJ placed "great weight" on the opinion of a non-treating physician, who concluded that Fleming could "sit, stand and walk for an eight-hour workday with reasonable breaks." Aplt. App., Vol. 1 at 72 (quotations omitted). As to the adequacy of the ALJ's development of the record, the Commissioner argued that the hearing transcript showed that Fleming had received a full and fair hearing.

In reviewing Fleming's motion for fees, the district court assessed the government's position, as viewed under the totality of the circumstances. *See Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("[T]he EAJA–like other fee-shifting statutes–favors treating a case as an inclusive whole, rather than as atomized line-items."). It noted that the ALJ had reviewed all the evidence in the record, which "although admittedly conflicting, could have been sufficient to support the ALJ's conclusions if [the] functions of standing and walking were

properly addressed." Aplt. App., Vol. 1 at 4. The district court characterized the Commissioner's position below, including her proper concession of error and her argument that it was harmless, as not unreasonable in fact or in law under the circumstances of this case, and therefore substantially justified.

We review the district court's decision that the government's position was substantially justified for abuse of discretion. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings," *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998), or when the district court's decision is "arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (quotations omitted). This court "must carefully scrutinize the district court's exercise of its discretion, but we may not . . . substitute our own judgment for that of the trial court." *Kiowa Indian Tribe*, 150 F.3d at 1165 (quotation omitted) (alteration in original).

Fleming argues that the district court improperly applied the legal standard for EAJA fees. He contends that the district court's reasoning in finding substantial justification based upon the government's harmless error argument amounts to a post hoc justification of the ALJ's decision. We disagree. With this argument, plaintiff conflates the merits analysis of whether the government's legal position was wrong–which is not in dispute–with the determination whether

-5-

its position was substantially justified. Fleming's approach to assessing substantial justification applies twenty-twenty hindsight, rather than examining the government's position as it was litigated. *See Pierce*, 487 U.S. at 566 n.2. (noting that government's "position can be justified even though it is not correct"); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 620 (9th Cir. 2005) (observing importance of avoiding hindsight in assessing government's position).

The district court did not make legally inconsistent findings regarding substantial evidence, as the plaintiff contends. On the merits, the district court considered whether there was substantial evidence to support the ALJ's decision and found that there was not. In subsequently deciding Fleming's fee motion, the court assessed whether it was reasonable in law and in fact for the Commissioner to argue there was substantial evidence. *See Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). In reversing and remanding on the merits, the district court declined the Commissioner's invitation, under a harmless error analysis, to supply the missing RFC findings regarding standing and walking. However, in denying Fleming's fee motion, the district court held it was not unreasonable for the Commissioner to concede the ALJ's error, yet argue it was harmless, even though that position did not ultimately carry the day. The district court found the government's position to be substantially justified in this case, not because the error was harmless, but because it was not unreasonable under the circumstances of this case to argue that it was harmless.

Based on our review of the record and given our deferential standard of review, we cannot conclude that the district court abused its discretion. It appropriately considered whether the government's position was reasonable in law and fact, under circumstances as to which reasonable minds could differ. *See Pierce*, 487 U.S. at 565. We do not find that the district court was arbitrary, capricious or exercised manifestly unreasonable judgment in reaching its conclusion that the government's position was substantially justified. *See Moothart*, 21 F.3d at 1504-05. Because we do not have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice, the trial court's decision will not be disturbed. *See id.* at 1504.

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge