ON MOTION
PER CURIAM.

ORDER

The Nautilus Group, Inc. moves to dismiss ICON Health & Fitness, Inc.’s appeal 05-1603. ICON opposes. Nautilus replies.
The United States District Court for the Western District of Washington, in No. 02-2420, entered a final judgment pursuant to Federal Rule of Civil Procedure 54(b) “in favor of ICON and against Nautilus on ICON’S counterclaim for declaratory judgment of non-infringement of U.S. Patent Nos. 4,620,704 (the ’704 Patent) and 4,725,057 (the ’057 Patent).” The court dismissed with prejudice Nautilus’s claims for infringement of the ’704 and ’057 patents and entered judgment in favor of ICON. Nautilus appealed. ICON then filed what it termed a conditional cross-appeal from the district court’s claim construction order “in the event that Nautilus prevails on appeal.”
Nautilus moves to dismiss ICON’S cross-appeal. We agree that the cross-appeal is improper and must be dismissed.
The cross-appeal in this case is identical to the one that this court dismissed in Bailey v. Dart Container Corp., 292 F.3d 1360 (Fed.Cir.2002). In the Bailey case, Dart prevailed on a judgment of nonin-fringement but filed a conditional cross-appeal seeking review of certain claim construction rulings in the event that this court reversed on the issue of noninfringement. Like Dart, ICON obtained a judgment of noninfringement, but filed a conditional cross-appeal seeking ■ review . of certain claim construction rulings in the event of a reversal of the judgment of noninfringement.
In Bailey, we stated that “an appellee can present in this court all arguments supported by the record and advanced in the trial court in support of the judgment as an appellee, even if those particular arguments were rejected or ignored by the trial court.” 292 F.3d at 1362. We explained that as appellee Dart could “make appropriate arguments regarding claim construction that would result in affir-mance of the judgment of noninfringement.” Id. We noted that allowing a cross-appeal in such a case “unnecessarily expands the amount of briefing that is otherwise allowed, as well as giving the appellee an unfair opportunity to file the final brief and have the final oral argument, contrary to established rules.” Id.
The principles of Bailey apply squarely to the-facts of this case. Moreover, this court has reiterated the principles set forth in Bailey on numerous occasions, frequently in settings similar to that presented here. For example, in Phillips v. AWH Corp., 363 F.3d 1207 (Fed.Cir.2004), the appellee filed a conditional cross-appeal in which it sought to challenge the district court’s construction of several claim terms that were not involved in the court’s noninfringement ruling. The panel ordered the conditional cross-appeal dismissed, stating: “A party has no right of cross-appeal from a decision in its favor. Similarly, a party who prevails on noninfringement has no right to file a ^conditional’ cross-appeal to introduce new arguments or challenge a claim construction, but may simply assert alternative grounds in the record for affirming the judgment.” 363 F.3d at 1216 (citation omitted). The *1378 en banc court reversed the panel in Phillips with respect to certain issues but specifically adopted the panel’s disposition of the cross-appeal and the reasoning underlying it. The en banc court wrote: “With respect to AWH’s cross-appeal, we also agree with the panel’s reasoning and its conclusion that the cross-appeal is improper.” Phillips v. AWH Corp., 415 F.3d 1303, 1328 (Fed.Cir.2005) (en banc).
In other cases we have applied the same rule in similar settings. See, e.g., Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1367 (Fed.Cir.2004) (issue that “would not alter the judgment in [ap-pellee’s] favor ... is not properly presented as a cross-appeal”); Novartis Pharms. Corp. v. Abbott Labs., 375 F.3d 1328, 1339 (Fed.Cir.2004) (“[A] party who prevails on noninfringement has no right to file a ‘conditional’ cross-appeal to introduce new argument or challenge a claim construction”) (quoting Phillips, 363 F.3d at 1216); Elan Corp. v. Andrx Pharms., Inc., 366 F.3d 1336, 1340 (Fed.Cir.2004) (cross-appeal improper where it merely raises an alternative ground for affirmance); Chiron Corp. v. Genentech, Inc., 363 F.3d 1247, 1252 (Fed.Cir.2004) (appellee’s claim construction argument treated as an alternative ground for affirmance, and not an issue properly raised on cross-appeal); Summit Tech., Inc. v. Nidek Co., 363 F.3d 1219, 1222-23 (Fed.Cir.2004) (appellee’s claim construction argument properly raised as an alternative ground for affirmance, not through a cross-appeal); Resonate, Inc. v. Alteon Websystems, Inc., 338 F.3d 1360, 1367-68 (Fed.Cir.2003) (cross-appeal improper where appellee asks appellate court to “supplement” and “refine” district court’s claim construction if case is remanded).
Accordingly,
IT IS ORDERED THAT:
(1) Nautilus’s motion to dismiss ICON’S appeal, No. 05-1603, is granted.
(2) The revised official caption is reflected above.