**UNITED STATES, Plaintiff–Appellant,**

v.

**FORD MOTOR COMPANY,
Defendant–Appellee.**

United States, Plaintiff–Appellee,

v.

Ford Motor Company, Defendant–
Appellant.

**Nos. 2006–1479, 2006–1499.**

United States Court of Appeals,
Federal Circuit.

Nov. 27, 2006.

Before MAYER, LOURIE, and PROST,
Circuit Judges.

ON MOTION

MAYER, Circuit Judge.

*ORDER*

The United States moves to dismiss Ford Motor Company's cross-appeal, 2006–1499, for lack of jurisdiction. Ford opposes and states, in the alternative, that the court "should make clear that the issues raised in Ford's cross-appeal may be raised as alternative grounds for affirmance of the judgment." The United States replies.

The United States filed a complaint seeking a civil penalty and unpaid Customs duties from Ford. Ford moved to dismiss the complaint on numerous grounds, including the statute of limitations. The Court of International Trade granted Ford's motion to dismiss, concluding, among other things, that the United States' complaint was untimely. The Court of International Trade did not address all of Ford's arguments in support of the motion to dismiss.

The United States appealed from the dismissal of its complaint. Ford filed a cross-appeal seeking to raise its alternate grounds for dismissal of the United States' complaint. The United States argues that because Ford prevailed below and is not seeking review of the district court's judgment dismissing the complaint, Ford's cross-appeal cannot be maintained. We agree.

An "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it." *United States v. American Ry. Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924); *see also Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 822 n. 1 (Fed.Cir.1989) ("Appellees always have the right to assert alternative grounds for affirming the judgment that are supported by the record."); *Nautilus Group v. Icon Health and Fitness*, 437 F.3d 1376, 1377 (Fed.Cir.2006) (quoting *Bailey v. Dart Container Corp.*, 292 F.3d 1360, 1362 (Fed.Cir.2002) for the proposition that "an appellee can present in this court all arguments supported by the record and advanced in the trial court in support of the judgment as an appellee, even if those particular arguments were rejected or ignored by the trial court").

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion to dismiss 2006–1499 is granted.

(2) Each side shall bear its own costs pertaining to 2006–1499.

(3) The revised official caption for 2006–1479 is reflected above.