ORDER
PER CURIAM:
Veteran William R. Young appealed through counsel a March 19, 2009, decision of the Board of Veterans’ Appeals (Board) that denied entitlement to VA disability benefits based on post-traumatic stress disorder (PTSD) and referred the issue of entitlement to VA benefits based on a generalized anxiety disorder. On June 30, 2010, the Court issued a memorandum decision modifying the Board decision to reflect a remand to a VA regional office (RO), rather than referral, of that part of the claim for disability compensation for a mental condition other than PTSD and, as modified, affirmed the decision. Young v. Shinseki, No. 09-1621, 2010 WL 2640592, at *1 (Vet.App. June 30, 2010).
Subsequently, Mr. Young applied, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for an award of attorney fees and expenses in the amount of $6,128.87 for 21.37 hours of attorney work, 15.2 hours of nonattorney *202 work, and $3.81 in expenses. The Secretary originally disputed prevailing-party status, contending that Mr. Young did not attain such status in the underlying merits decision. The matter was sent to panel, in accordance with Frankel v. Derwinski 1 Vet.App. 23, 25-26 (1990), and the Court’s Internal Operating Procedures (IOPs), secs. 1(b)(4) and V(b). Subsequent to panel referral, the Secretary and Mr. Young entered into a joint motion to dismiss the EAJA application based upon a stipulated settlement agreement. Prior to approving the joint motion to dismiss, however, a majority of the panel questioned the Court’s underlying jurisdiction over the Board’s decision to refer a part of Mr. Young’s claim for VA benefits for a mental disability other than PTSD.[1] See Johnson (Anne) v. Brown, 7 Vet.App. 25, 27 (1994) (noting that jurisdiction may be raised at any stage of a proceeding and stating that “a federal court has the duty to determine its subject matter jurisdiction sua sponte even when the issue has not [ ] been raised by the parties” (citations omitted)).
The Court holds that it has jurisdiction over an appeal of a decision of the Board that denies a part of a claim for benefits and decides to refer, rather than remand, for adjudication another part (or condition) or theory in support of that same claim, and our jurisdiction extends not only to the denied part of the claim but also to the referral decision. We note that the appellant argues that the Court would have jurisdiction over any Board decision to refer a claim, even if no part of the claim was denied; we need not decide that issue today.[2]
Specifically with regard to the underlying appeal, the parties agree, and the Court so holds, that Mr. Young’s claim for benefits for PTSD was a claim for VA benefits based on a mental disability that also encompassed a claim for benefits for a generalized anxiety disorder, (i.e., the “alternative current condition[] within the scope of the filed claim”), because the evidence developed during the processing of his claim indicated that the symptoms he complained about were caused by the generalized anxiety disorder and not PTSD. Clemons v. Shinseki, 23 Vet.App. 1, 5-6 (2009) (noting that a claimant does “not file a claim to receive benefits only for a particular diagnosis, but for the affliction his [ ] condition, whatever that is, causes him” and holding that a single claim for disability compensation can encompass more than one condition). Mr. Young’s case is similar to Clemons in that, although Mr. Young had a diagnosis of a mental condition other than PTSD, the Board in Mr. Young’s case “failed to weigh and assess the nature of the current condition the appellant suffered when determining the breadth of the claim before it.” Id. at 6.
Because the Court has jurisdiction over the Board decision denying a part of the claim for benefits for a mental disability, the Court has the authority to “decide all relevant questions of law” that arise with *203 regard to the denied claim, including the propriety of referring, rather than remanding, another part of that claim to the RO. See 38 U.S.C. §§ 7252 (Court has “exclusive jurisdiction to review decisions of the Board”); 7261(a)(1) (providing authority for the Court to “decide all relevant questions of law” pertaining to a claim); Manlincon, 12 Vet.App. at 240-41 (exercising jurisdiction and vacating Board decision because the Board erred by referring rather than remanding a claim for dependency and indemnity compensation that was in “appellate status”).
Our dissenting colleagues’ view that the Court lacks jurisdiction over a Board referral fails to appreciate that referral of a matter is appropriate only when the Board lacks jurisdiction over the matter being referred; remand is the appropriate action when the Board has jurisdiction over the matter, but further development is needed. See Godfrey v. Brown, 7 Vet.App. 398, 410 (1995). It is well settled that the Court has jurisdiction to determine whether the Board had jurisdiction to take the action it takes in a decision. See King v. Nicholson, 19 Vet.App. 406, 409 (2006). Moreover, “[o]nce the Board has jurisdiction over a claim, ... it has the authority to address all issues related to that claim, even those not previously decided by the RO.” Jarrell v. Nicholson, 20 Vet.App. 326, 332 (2006) (en banc) (emphasis added); see also id. at 335 (where Board lacked appellate jurisdiction over request for revision of an RO decision that had not first been presented to and adjudicated by the RO, the appropriate course of action was to refer the matter to the RO for adjudication in the first instance); Garlejo v. Brown, 10 Vet.App. 229, 232 (1997) (reviewing Board’s determination that claimant failed to file a Notice of Disagreement, such that the claim was not in appellate status).
Insofar as our dissenting colleagues suggest that the Court’s exercise of jurisdiction over the propriety of the Board’s referral action requires a claimant to file an appeal from the Board’s referral decision or otherwise be precluded from challenging a later effective-date determination, we disagree.[3] The Board’s decision to refer, *204 rather than remand, a matter because it had not been adjudicated by the agency of original jurisdiction is a determination that the matter is not in appellate status and therefore the Board lacks jurisdiction to review the underlying merits of the matter. Generally, this determination is not an adjudication regarding when the claim was raised for purposes of assignment of an effective date, which is a “downstream issue” that does not become relevant until VA grants the benefit sought. See 38 U.S.C. § 5110; see also Ingram v. Nicholson, 21 Vet.App. 232, 253-54 (2007) (en banc) (noting that the nature of VA’s claims adjudication system often makes it irrelevant to determine when a claim was raised before an effective date is assigned).
Thus, it would be illogical to conclude that the Board’s determination that it lacks appellate jurisdiction to address the merits of a matter would preclude a claimant from subsequently litigating the issue of effective date. Whether collateral estoppel, or issue preclusion, applies turns on whether (1) the issue previously adjudicated is identical to the one currently before the Court; (2) the issue was “actually litigated” in the prior proceeding; (3) the Court’s resolution of that issue was necessary to the resulting judgment; and (4) the litigant was fully represented in the prior proceeding. Mintzmyer v. Dep’t of the Interior, 84 F.3d 419, 423 (Fed.Cir. 1996). Indeed, the Secretary’s pleadings in this matter take the position that the Board’s decision to refer, rather than remand, a matter would have no preclusive effect on any subsequent effective-date decision. Nonetheless, an improper referral could result in an improper effective date being assigned by an RO because referral connotes that the matter referred is not part of the underlying claim adjudicated by the Board. The error ultimately could be corrected on appeal of the decision awarding the improper effective date, but correction of the improper referral at the earliest possible point in the adjudication could avoid extensive delays in finally adjudicating and resolving the claim.
Significantly, we also note that a determination by the Board to refer, rather than remand, part of the claim denies the claimant the right to expedited adjudication under 38 U.S.C. § 5109B, which, by its own terms, is a right that is applicable only when the Board remands a matter. Thus, when a claim (or a part or theory in support of a claim) erroneously is referred instead of remanded, a claimant loses his statutory right to expedited consideration absent Court correction. Id.; see also Manlincon, supra.
Further, contrary to the dissent’s view, the Court’s exercise of jurisdiction over the propriety of the referral action does not bar the RO from acting on the ments of the referred matter until appellate review is complete. Nor do we perceive any conflict with Cerullo v. Derwinski, which held that the Court’s jurisdiction over a claim is exclusive. 1 Vet.App. 195 (1991). The basic premise of Cerullo is that “[o]nce an appellate body takes jurisdiction over a claim, the lower tribunal may not consider the same issues.” Id. at 197 (emphasis added). The Court’s review of the propriety of the referral action is separate and apart from the RO’s adjudication of the merits of the referred matter and *205 therefore does not contravene Cerullo. As a result, we also do not perceive any conflict with the Court’s decision in Link v. West, 12 Vet.App. 39, 47 (1998), which held that the Court lacked jurisdiction to address the merits of a matter referred to the RO for adjudication. Moreover, our exercise of jurisdiction is consistent with the fact that parts or theories of a claim can be decided finally and subject to appeal to the Court, while other theories or parts of the same claim are remanded to the RO for additional development. See, e.g., Tyrues v. Shinseki 23 Vet.App. 166, 177 (2009) (en banc) (citing cases reflecting a longstanding practice of exercising jurisdiction over theories or parts of a claim), aff'd, 631 F.3d 1380, 1383 (Fed.Cir.2011), vacated and remanded for reconsideration, — U.S. -, 132 S.Ct. 75, 181 L.Ed.2d 2 (2011); see also D'Aries v. Peake, 22 Vet.App. 97, 101 n. 1 (2008) (exercising jurisdiction over appeal of Board decision that denied service connection for cause of veteran’s death under 38 U.S.C. § 1310 even while claim for DIC under 38 U.S.C. § 1318 was denied in a separate Board decision and remanded in a separate Court decision).
Finally, in light of statements made by the dissent, we note that the underlying appeal here is not being dismissed as moot. Having found jurisdiction over the underlying appeal, the Court has jurisdiction over the EAJA application, 38 U.S.C. § 7291(a). It is the EAJA application that is the subject of the parties’ motion to dismiss. Because, however, the parties have filed a motion to dismiss the EAJA application based upon a settlement of the fee issue, the Court will grant the motion because the EAJA matter is mooted by the settlement agreement of the parties. Mokal v. Derwinski, 1 Vet.App. 12, 15 (1990) (Court adopted “as a matter of policy the jurisdictional restrictions of the Article III case or controversy rubric”); see also Dofflemyer v. Brown, 4 Vet.App. 339 (1993) (per curiam order) (granting parties’ motion to dismiss the EAJA application based on the parties’ settlement agreement as to the request for attorney fees (citing Bond v. Derwinski, 2 Vet.App. 376, 377 (1992) (stating that “[w]hen there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction”))).[4]
Upon consideration of the foregoing, it is
ORDERED that the parties’ motion to dismiss the appellant’s EAJA application is GRANTED.

. Our dissenting colleague's poem suggesting that the Court affirmatively sought to expand its jurisdiction is unfounded. Mr. Young filed his appeal after receiving notice that he had a right to appeal; the Secretary concurs with Mr. Young. Moreover, that we have jurisdiction over the underlying appeal and referral action has been well understood since at least Manlincon v. West, 12 Vet.App. 238, 240-41 (1999), and is only now questioned by the dissent. Thus, it is the dissent, not the majority, that is striving to redefine our jurisdiction, by diverting what may be handled on appeal to the exclusive route of a petition for extraordinary relief, and then suggesting to prospective petitioners that somehow extraordinary relief might routinely be given.

. We also note that a claimant may seek reconsideration by the Board Chairman to correct an improper referral. 38 U.S.C. § 7103.

. It is unclear whether under our dissenting colleagues' view, a claimant would be forced to seek mandamus either to correct an error in a Board decision that reflects referral instead of remand or to expedite the decision-making process. If it is the former, then under their view, because the Court lacks jurisdiction over whether the Board referred or remanded a matter, and because mandamus can only be granted in furtherance of the Court’s prospective jurisdiction, see Ebert v. Brown, 4 Vet.App. 434 (1993), mandamus would never be appropriate, and relief would never be forthcoming. If mandamus is sought for the latter, i.e., to expedite the decisionmaking process on the merits of the referred matter, such a remedy would be available under both the majority’s and the dissent’s views. Nonetheless, ”[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations,” Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976), and it is unclear at what point the Secretary's failure to provide expedited review would constitute "an arbitrary refusal to act” warranting mandamus. Compare Costanza v. West, 12 Vet.App. 133, 134 (1999) (per curiam order) (addressing an 11-month delay and finding the petitioner did not demonstrate that he lacked alternative means of relief when he did not undertake to resolve delay prior to the filing the petition), with Erspamer v. Derwinski, 1 Vet.App. 3, 11 (addressing a three-year delay and finding petitioner had no adequate alternative means for relief when she contacted the RO more than 30 times before filing her petition with the Court).
Finally, reference by our dissenting colleagues to the time it takes to process an appeal versus a petition is a red herring. A petition for mandamus may be granted only by a panel, and the two petitions decided at panel this past year both took over 300 days. See United States Court of Appeals for Veterans Claims, 2011 Ann. Rep., http://www. *204 uscourts.cavc.gov/annuaLreport/ (88 petitions denied, 1 granted); see also Internal Operating Procedure, XI (b)(1). Moreover, although numerous petitions were dismissed for mootness after the Secretary took some action, none of those dismissals involved a petition to amend a Board decision referring rather than remanding part of a claim for further adjudication or to enforce expeditious processing under 38 U.S.C. § 5109B of a matter that had been referred instead of remanded.”

. The dissent's attempt to undermine the binding effect of the majority opinion by suggesting that any discussion of the Court’s jurisdiction to review the Board’s referral decision is dicta or that granting the parties’ joint motion to dismiss requires the Court to overrule Dofflemyer, supra., and Bond, supra., is both confusing and unfounded. As noted by the dissent, the issue of the Court's jurisdiction over the underlying appeal was first raised by the Court in connection with Mr. Young’s EAJA application. Once raised, it cannot be ignored. Clemons, 23 Vet.App. at 2-3. Having found jurisdiction over the underlying appeal, the Court does not perceive any conflict with its decision to grant the parties’ joint motion to dismiss the EAJA application and the Court's decisions in Dofflemyer or Bond. Dofflemyer construed the parties’ "Joint Motion for Approval of Agreement to Settle Appellant’s Claims for Reasonable Attorney Fees and Expenses Under the [EAJA]” as "one for dismissal and ... grant[ed] the motion.” 4 Vet.App. at 339. In accordance with Rule 42 of the Court's Rules of Practice and Procedure, the Court directed the Clerk to "enter a voluntary dismissal.” Id.; see also Friedlund v. Shinseki, No. 08-1020, 2010 WL 3937345, at *1 (Vet.App. Oct. 8, 2010) (per curiam order) (granting parties’ joint motion to terminate the appeal and ordering the appeal "terminated”).