# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 15-3191(E)

CATHERINE CORNELL, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

BOBBY S. MOBERLY,
INTERVENOR.

On Intervenor's Application for Attorney Fees and Expenses

Before DAVIS, *Chief Judge*, and GREENBERG and ALLEN, *Judges*.

**O R D E R**

Before the Court is intervenor Bobby S. Moberly's July 6, 2018, application pursuant to the Equal Access to Justice Act (EAJA),[1] for an award of attorney fees and expenses in the amount of $13,661.17. The Court has jurisdiction to award reasonable attorney fees and expenses to a prevailing party unless the Secretary's position was substantially justified or special circumstances make an award unjust.[2] The Secretary challenges Mr. Moberly's application, contending that he is not a prevailing party and that the Secretary's position was substantially justified. The Secretary does not challenge the EAJA application on any other basis.

Although no party requested a precedential decision, a judge of this Court referred this case to panel primarily to consider two questions: (1) Whether the Court had jurisdiction to issue its announcement from the bench precluding the Secretary from recouping a payment made to Mr. Moberly, and (2) whether that announcement and the confirmatory passage in the Court's opinion altered the legal relationship between Mr. Moberly and the Secretary in such a manner as to make him a prevailing party. The Court first holds that it had jurisdiction to issue the bench order precluding recoupment. Additionally, because the Court concludes that Mr. Moberly is a prevailing party, and that the Secretary's position was not substantially justified, the Court will grant Mr. Moberly's EAJA application in full.

---

[1] 28 U.S.C. § 2412(d).

[2] *See* 28 U.S.C. §§ 2412(d)(2)(A), (F).

## I. BACKGROUND

### A. Dual payments to attorney Cornell and Mr. Moberly raised questions of administrative error.

The procedural background at the administrative level is well detailed in the Court's opinion in the underlying appeal,[3] and we will only briefly summarize it here. Attorney Cornell represented Mr. Moberly before this Court and before VA in his claims for disability compensation for hearing loss and tinnitus. When VA granted service connection for those conditions, it paid attorney Cornell a fee from Mr. Moberly's past due benefits according to a fee agreement. Attorney Cornell then wrote a letter to Mr. Moberly stating that she was closing his file because there was nothing further she could do for him.

Mr. Moberly subsequently retained the Disabled American Veterans (DAV) as his counsel and DAV filed a claim on his behalf for total disability on the basis of individual unemployability (TDIU). Apparently, VA failed to alter its records to reflect the properly filed notice of the change in representation. After granting Mr. Moberly's claim for TDIU, VA sent a second payment, in the amount of $20,304.16, from the past due benefits for TDIU to attorney Cornell, based on the earlier fee agreement.

DAV then filed on Mr. Moberly's behalf a Notice of Disagreement (NOD) with the summary of the case awarding attorney fees to attorney Cornell. The NOD stated that because attorney Cornell was no longer Mr. Moberly's appointed representative, she was not entitled to fees associated with the TDIU claim.

After reviewing the NOD and the case file, VA sent attorney Cornell a letter in which the Secretary "acknowledged that we made an error in disbursement of the funds [attorney Cornell] received,"[4] and that she was not entitled to the fee payment. Attorney Cornell filed an NOD with that determination and VA issued a Statement of the Case maintaining its decision that attorney Cornell was not entitled to the fee payment.

On April 27, 2015, the Board issued a decision also concluding that the payment to attorney Cornell was improper, and she appealed that decision to this Court. During the pendency of that appeal, VA paid to Mr. Moberly the $20,304.16, duplicating the previous payment to attorney Cornell.

### B. The Court held that the attorney fee dispute constituted a simultaneously contested claim and that Mr. Moberly filed a timely NOD in that dispute.

In a December 2016 decision, the Court stated that the issues on appeal were "whether the direct fee agreement dispute constituted a simultaneously contested claim pursuant to 28 U.S.C. § 7106A, and if so, whether Mr. Moberly filed a timely [NOD]."[5] The Secretary conceded that the Board had erred in determining that the fee dispute did not constitute a simultaneously contested

---

[3] *Cornell v. McDonald*, 28 Vet.App. 297 (2016).

[4] Record (R.) at 228.

[5] *Cornell*, 28 Vet.App. at 298.

claim, and the Court set aside that Board finding.[6] Attorney Cornell also conceded that Mr. Moberly filed a timely NOD with the initial VA decision to award her fees from the TDIU award.

Mr. Moberly moved to intervene in the appeal, with the support of the Secretary, and the Court granted the motion. When attorney Cornell learned of the payment to Mr. Moberly, she filed a *Solze* notice,[7] which contained an argument that Mr. Moberly had no further interest in the outcome of the appeal. Mr. Moberly filed a response in which he argued that "unless the Secretary waives his right to recoup any payment to Appellant [Cornell] ordered as a result of this appeal, ... [he] (unfortunately) retains a very real interest in this matter."[8] Approximately 1 month later, attorney Cornell moved the Court to remove Mr. Moberly as an intervenor, arguing that no recoupment could be sought from him on a payment based on administrative error. Mr. Moberly responded that attorney Cornell's analysis was merely an argument of counsel, and until the Secretary agreed that it would not seek recoupment from him, he had a continuing interest in the appeal. The Court denied attorney Cornell's motion based on the possibility of recoupment from Mr. Moberly.

After hearing oral argument in the underlying case, the Court took the somewhat unusual step of announcing from the bench that, regardless of the Court's ultimate decision on the merits of the appeal, the Secretary was precluded from recouping any of the payment made to Mr. Moberly. In its published opinion, the Court made the following statement on recoupment:

> [T]he Court will affirm the Board's conclusion that VA's payment of $20,304.16 in attorney fees to Ms. Cornell was improper. Based on this holding and as ruled on from the bench at oral argument, VA may not recoup payment of the fees from Mr. Moberly. 38 U.S.C. § 5314 (authorizing the Secretary to recoup overpayments made to a benefits recipient by offsetting future payments). The Secretary, however, may take all appropriate steps to recover the indebtedness from Ms. Cornell. 38 U.S.C. § 5316 (authorizing the Secretary to sue to collect certain debts).[9]

The Federal Circuit affirmed the Court's decision without comment.[10] After judgment and mandate issued, Mr. Moberly sought EAJA fees for his participation in the underlying appeal.

## II. THE PARTIES' ARGUMENTS

### A. The Secretary disputes whether Mr. Moberly is a prevailing party.

The Secretary argues that Mr. Moberly is not a prevailing party. He asserts that there was no alteration in the legal relationship between himself and Mr. Moberly. "The appellate litigation

---

[6] *Id*. at 305.

[7] *See Solze v. Shinseki*, 26 Vet.App. 299, 301 (2013).

[8] Intervenor's Response to Appellant's *Solze* Notice at 3.

[9] *Cornell*, 28 Vet.App. at 308.

[10] *Cornell v. Wilkie*, 718 Fed. App'x 972 (Fed. Cir. 2018).

of this claim ended just as it began," the Secretary reasons, "with a finding that it was the Intervenor, not Appellant, who is entitled to the disputed funds."[11]

Mr. Moberly responds that he obtained the specific legal relief he sought by intervention, that is, a Court order prohibiting the Secretary from recouping any disputed funds from him. He reasons that before the Court's order the Secretary steadfastly maintained that recoupment from him was a possibility, but after the Court's order the Secretary could not do so. Therefore, he concludes, the Court order altered the legal relationship between himself and the Secretary.

## B. The Secretary and Mr. Moberly dispute the Court's jurisdiction to issue the bench announcement on recoupment.

The Secretary contends that the only issue over which the Court had jurisdiction in the underlying appeal was who was entitled to the disputed funds. He asserts that the appeal included no issue as to the Secretary's potential recoupment authority should the Court hold that Ms. Cornell was entitled to all or some portion of the disputed funds.[12]

The Secretary further characterizes the Court's conclusion about recoupment in its written opinion as a mere corollary to its decision on the appellate issue of entitlement to the disputed funds, and argues that it represents no alteration in the legal relationship between the intervenor and the Secretary. To the extent that the Court's bench ruling assayed to prevent recoupment from the intervenor, regardless of the ultimate decision on the merits, the Secretary argues that the Court was without jurisdiction to reach that issue and the Court's bench ruling is a nullity.

By contrast, Mr. Moberly contends that "[n]othing in the Secretary's arguments explains how the Court lacks jurisdiction to issue relief involving the same legal interest that conveyed standing to participate [as an intervenor]."[13]  He further notes that the Secretary preserved no objection to the Court's order on recoupment at the time it issued from the bench, the Secretary did not raise an objection or seek reconsideration upon the inclusion of the recoupment order in the Court's opinion, and the Secretary did not raise the issue during the appeal at the Federal Circuit. He concludes that the Secretary's opportunity to challenge the Court's jurisdiction on the recoupment issue has passed.

## C. The parties disagree whether the Secretary's position was substantially justified.

In a similar vein, the Secretary argues that his position on possible recoupment from Mr. Moberly was substantially justified. He reasons that before recoupment could be considered, a valid debt would have to exist, which could only be grounded on a Court ruling that attorney Cornell was entitled to all or some portion of the disputed funds. In that eventuality, the Secretary argues, he would be statutorily required to seek recoupment unless he elected to waive the indebtedness. As to any potential waiver, he contends that consideration of that issue would have been premature. He concludes that because the Court upheld its administrative and litigation positions on entitlement to the disputed funds, his position was, at both stages, substantially justified.

---

[11] Secretary's Response to EAJA Application at 5.

[12] *See Scates v. Principi*, 282 F.3d 1362, 1366 (Fed. Cir. 2002) ("[A]ttorney discharged during a case is entitled only to a fee reflecting [her] contribution to the litigation.").

[13] Intervenor's Response to Secretary's Opposition to EAJA Application at 4.

Both the appellant and intervenor have argued, however, that if the Court had held that all or any portion of the payment to Mr. Moberly rightfully belonged to attorney Cornell, the payment or overpayment to Mr. Moberly would have constituted an administrative error without fault on the part of Mr. Moberly. They conclude that such an administrative error would have precluded the creation of any valid indebtedness of Mr. Moberly and, therefore, recoupment was not possible. In his brief in the underlying appeal, Mr. Moberly argued on this basis that the Court should issue an order prohibiting future recoupment from him.[14]

## III. ANALYSIS

### A. The Secretary's challenge to the Court's jurisdiction to issue the announcement from the bench fails.

As a threshold matter, it is not clear that at this stage of proceedings the Secretary may raise his challenge to the Court's jurisdiction to issue its bench order. The Secretary neither objected to the Court's bench ruling during oral argument, nor moved for reconsideration on that issue after the Court issued its opinion, nor raised the matter before the Federal Circuit during the appeal of the underlying decision.[15]

The Secretary cites *Young v. Shinseki*[16] for the proposition that a jurisdictional challenge may be raised at the EAJA stage. He argues that the EAJA decision is simply part of an "integrated whole" of the underlying appeal. This argument ignores the fact that this case, unlike *Young*, proceeded to an appeal before the Federal Circuit. The finality of that decision ended the matter of the underlying appeal concerning entitlement to the disputed payment of fees to attorney Cornell. Therefore, the challenge to the Court's jurisdiction to make its bench announcement may be an impermissible collateral attack on a decision that is final.[17]

In any event, the Court concludes that it had jurisdiction over the issue of recoupment from Mr. Moberly, and the bench announcement was entirely proper. The Court's jurisdiction over

---

[14] *See* Intervenor's Brief at 11-12.

[15] The procedural mechanism for raising the issue of this Court's ruling on recoupment would be a conditional cross-appeal. *See* 15A CHARLES ALAN WRIGHT, ARTHUR MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE § 3902, at 78 (2d ed. 1977). Essentially, the Secretary could have stated to the Federal Circuit that, should it hold that attorney Cornell was entitled to all or any portion of the disputed funds, the Secretary wished to appeal this Court's ruling prohibiting recoupment from Mr. Moberly. *See TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1156 (Fed. Cir. 2004) ("A party may cross appeal if adversely affected by the appealed judgment in some particular which it seeks to have modified); *Bailey v. Dart Container Corp.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002) (cross appeal may be filed "when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment"). *But see Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.* 437 F.3d 1376 (Fed. Cir. 2006) (and cases cited) (cross appeals improper to challenge claim construction of terms not pertinent to appealed judgment of noninfringement). At least one court has held that the failure to raise an issue in cross appeal prevents the litigation of that issue on remand. *See Art Midwest Inc. v. Atl. Ltd. P'ship XII*, 743 F.3d 206 (5th Cir. 2014).

[16] 25 Vet.App. 201 (2012).

[17] *See Porriello v. Shinseki*, 30 Vet.App. 1 (2018).

issues arising from a Board decision over which it has jurisdiction is not so narrowly confined as the Secretary suggests.[18]

Contrary to the Secretary's assertion, the sole issue in the underlying appeal was not whether the Board properly disposed of attorney Cornell's appeal. Rather, as the Court held, the case presented a simultaneously contested claim.

The Court has jurisdiction over all issues "appropriately identified [from] the radix [root] of [the NOD]."[19] Because the Court held that the case presented a simultaneously contested claim, the Court must look to both NODs to identify appellate issues over which it had jurisdiction. Mr. Moberly's NOD asserted that because attorney Cornell no longer represented him in the TDIU claim, the 20% fee payment belonged to him as a portion of his past-due benefits. After VA paid him the disputed funds, the corollary issue of his right to retain that payment arose, along with the attendant right to be insulated from possible recoupment.

The Secretary supported Mr. Moberly's intervention. The possibility of recoupment was the basis on which the Court rejected attorney Cornell's motion to remove Mr. Moberly as an intervenor.

It is therefore untenable for the Secretary to suggest that the Court had no jurisdiction to reach issues of possible recoupment. The Court holds that in cases of simultaneously contested claims, where there has been duplicate payments to both parties, the Court has jurisdiction not only to determine the proper recipient of the disputed funds, but also to examine the pendent issue of of recoupment efforts with respect to both parties.

## B. Mr. Moberly was a prevailing party.

### 1. Prevailing-party status requires a court order carrying sufficient judicial imprimatur to alter the legal relationship between the Government and the party seeking EAJA fees.

As a general matter, it is well settled that an intervenor may be a prevailing party for purposes of obtaining EAJA fees.[20] Intervenors are treated "like any other prevailing or losing party" in appeals from agency decisions.[21]

---

[18] *Cf. Young*, 25 Vet.App. at 202-03 ("Because the Court has jurisdiction over the Board decision . . . the Court has authority to 'decide all relevant questions of law' that arise with respect to the denied claim.").

[19] *Buckley v. West*, 12 Vet.App. 76, 82 (1998) (citing *Collaro v. West*, 136 F.3d 1304, 1310 (Fed. Cir. 1998)).

[20] *Info. Sci's. Corp. v. United States*, 78 Fed. Cl. 673, 677 (Ct. Cl. 2007) (and cases cited); *see also CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (citing *Buckhannon Bd. & Home Care, Inc. v. W. Va. Dep't of Health Res.*, 532 U.S. 598, 602-03 (2001) (Court construes "prevailing party" consistently across various fee-shifting statutes)).

[21] *Delta Airlines, Inc. v. CAB*, 505 F.2d 386, 388 (D.C. Cir. 1974); *see also United States v. Douglas*, 55 F.3d 584, 587 (11th Cir. 2003) ("The EAJA clearly applies to protect third-party intervenors in civil forfeiture proceedings."); *Elec. Dist. No. 1 v. Fed. Energy Regulatory Comm'n*, 813 F.2d 1246, 1247 n.4 (D.C. Cir. 1987) ("We reject any suggestion that 'intervenors' should somehow be distinguished from 'applicants' under EAJA . . . ."); *Luna v. Brown*, 663 F. Supp. 109 (D. Co. 1987) (awarding EAJA fees to "plaintiff-intervenor"); *Hyatt v. Heckler*, 586 F. Supp. 1154 (W.D.N.C. 1984) (awarding EAJA fees to intervenor), *vacated on other grounds*, 757 F.2d 1455 (4th Cir. 1985),

Whether a party qualifies as a "prevailing party" under EAJA is a question of law.[22] In *Akers v. Nicholson*, the Federal Circuit stated that "prevailing party status requires some judicial action that changes the legal relationship between the parties on the merits of the claim."[23] Two examples of such an alteration in the legal relationship are an enforceable judgment on the merits or a court-ordered consent decree.[24]

The Federal Circuit expanded on this requirement, however, clarifying that the requisite alteration in legal relationship is not limited to such results. The requirement to be deemed a prevailing party may be met when a party "obtained a court order carrying '*sufficient judicial imprimatur*' to materially change the legal relationship of the parties."[25]

### 2. *The Court's bench announcement and confirmatory opinion altered the legal relationship between the intervenor and the Secretary.*

The EAJA statute defines a "prevailing party" in terms of one who prevails against the United States,[26] not one who succeeds in upholding the Agency's position against a third party. Thus, Mr. Moberly's arguments supporting the Board's determination that the payment to attorney Cornell was improper does not make him a prevailing party.[27]

The Court's ruling precluding recoupment of any portion of the payment to Mr. Moberly is another matter. This Court has stated that a prevailing party is "one who has succeeded on *any significant issue* in litigation [that] achieved some of the benefit . . . sought in bringing suit."[28] Here, Mr. Moberly sought a single benefit by his intervention in the underlying appeal—an order precluding VA from seeking to recoup any of the disputed funds that had been paid to him. He achieved precisely that outcome.

Clearly, the Court's announcement from the bench, reiterated in the Court's precedential opinion, is an order carrying the imprimatur of the Court that altered the legal relationship between the intervenor and the Secretary. Before the Court's ruling from the bench, the Secretary maintained that there was some possibility of recoupment from Mr. Moberly; the bench ruling and the corresponding text in the Court's opinion extinguished that possibility.

---

*cert. granted & vacated Hyatt v. Bowen*, 106 S. Ct. 2886 (1986).

[22] *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1363 (Fed. Cir. 2003).

[23] 409 F.3d 1356, 1359 (Fed. Cir. 2005) (citing *Buckhannon*, 532 U.S. at 605).

[24] *Former Emps. of Motorola*, 336 F.3d at 1364.

[25] *Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1026 (Fed. Cir. 2005) (emphasis added); *see also Roberson v. Guliani*, 346 F.3d 75, 81 (2d Cir. 2003); *Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 458-59 (D.C. Cir. 2002) (cited favorably in *Rice* and emphasizing that an order carrying sufficient judicial imprimatur to alter the legal relationship between the parties can confer prevailing-party status).

[26] 28 U.S.C. § 2412(d)(4).

[27] *See Money v. Office of Pers. Mgmt.*, 816 F.2d 665, 667 (Fed. Cir. 1987).

[28] *Dixon v. O'Rourke*, 30 Vet.App. 113, 118 (2018) (emphasis added) (internal quotation marks omitted); *see also McCormick v. Principi*, 16 Vet.App. 407, 411 (2002) (prevailing-party status determined by "ultimate receipt of a benefit that was sought in bringing the litigation").

The very basis on which the Court rejected a motion to terminate intervention was that Mr. Moberly had a right to defend his interest against possible recoupment. That Mr. Moberly prevailed in his position against the Secretary is an alteration in the legal relationship sufficient to make him a prevailing party.

## C. **The Secretary has not demonstrated substantial justification.**

> VA must demonstrate the reasonableness, in law and fact, of the position of the [Secretary] in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.[29]

The Secretary argues that because the Court upheld the Board determination that Mr. Moberly was entitled to the disputed fees, its position at the administrative stage was substantially justified. The Secretary offers no justification, however, for VA's erroneous payment to attorney Cornell in the first instance, despite Mr. Moberly's properly filed notice of change in representation. In fact, when this payment was challenged, VA immediately acknowledged error. Absent this error, none of this litigation would have been necessary.

As to its litigation position, the Secretary has not persuaded the Court that its refusal to give assurance to Mr. Moberly that he would not be subject to recoupment efforts was reasonable. Mr. Moberly repeatedly offered to withdraw from the underlying appeal, up to and including the day of the oral argument, if such assurance were given.

In the event the Court had found that attorney Cornell was entitled to all or a portion of the disputed funds, it would have followed that the regional office and the Board made a misapplication of law, amounting to administrative error. On these facts, there would have been no basis on which VA could contend—and the Secretary has never contended—that the error would have been attributable in any way to Mr. Moberly's conduct. This is especially true in view of the Secretary's acknowledgement at oral argument that the payment of the disputed funds was accompanied by no warning of the possibility of recoupment depending on the outcome of the underlying appeal.

Moreover, the payment to Mr. Moberly appears to be an uncoerced action on the part of VA. At oral argument, the Secretary contended that VA was obligated to pay the funds to Mr. Moberly upon the issuance of the Board decision stating his entitlement to the disputed funds. The Secretary stated that this result was compelled by "*Snyder.*" There are several cases in which Mr. Snyder was the named appellant, but the Court takes the reference to be to *Snyder v. Principi*,[30] in which the Court stated that "the erroneous payment's existence is immaterial to the Secretary's responsibility to make the payment *to which there is lawful entitlement.*"[31] There is nothing in that

---

[29] *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994); *see also McCormick*, 16 Vet.App. at 411 (Secretary must demonstrate substantial justification in both its administrative and litigation positions); *Felton v. Brown*, 7 Vet.App. 276, 279-80 (1994) (same).

[30] 15 Vet.App. 285 (2001).

[31] *Id.* at 292.

case requiring VA to make a payment of disputed funds when the issue is part of a pending appeal and the lawful entitlement has yet to be conclusively decided. Thus, the payment to Mr. Moberly, unaccompanied by any warning of contingent recoupment, reflects the confidence VA had in its position on entitlement to the disputed funds, which is incommensurate with its unwillingness to give assurance that there would be no recoupment.

Furthermore, the Secretary has offered no legitimate reason that he could not have determined in advance that he would waive any indebtedness that might derive from this Court's holding in the underlying appeal. The provision for recoupment states that, in the absence of "fraud, misrepresentation[,] or bad faith on the part of [the payee],"[32] "[t]here shall be no recovery of payments . . . whenever the Secretary determines that recovery would be against equity and good conscience."[33] Obviously, there was no basis for a finding of bad faith or similar misconduct on the part of Mr. Moberly. Furthermore, it was and is the intent of Congress "that if the veteran is not at fault in creating the indebtedness due to improper action or lack of action by [VA], relief should be granted to the veteran in such cases."[34]

The Secretary's argument that advance consideration of waiver would be premature before the creation of a valid debt is not persuasive. Where a potential erroneous payment would be so clearly attributable to administrative error, and so clearly lacking in fault on the part of the veteran, the refusal to give assurance of no recoupment is indefensible.

The Secretary's insistence on the possibility of recoupment against Mr. Moberly[35] resulted in an unnecessary expenditure of resources, both on the part of Mr. Moberly and of this Court. The Secretary should have realized that any recoupment from Mr. Moberly would be against equity and good conscience, and that waiver would be the only appropriate response—even in advance of an application for waiver. There was simply no justification for prolonging the tribulations of this aged and frail veteran.[36]

## IV. CONCLUSION

The Court concludes that Mr. Moberly is a prevailing party for EAJA purposes and the Secretary's position with respect to recoupment was not substantially justified. Because the Secretary raises no additional challenges to the EAJA application, the Court will GRANT the application in full.

Upon consideration of the foregoing, it is

---

[32] 38 U.S.C. § 5302(c).

[33] 38 U.S.C. § 5302(a).

[34] *Reyes v. Nicholson*, 21 Vet.App. 370, 375 (2007) (quoting 125 Cong. Rec. H2289, H 2291 (daily ed. June 6, 1989) (statement of Rep. Montgomery)

[35] Indeed, the Secretary only formally announced that there would be no such recoupment effort against Mr. Moberly at oral argument.

[36] *See* Intervenor's Motion to Expedite Appeal.

9

ORDERED that the Secretary pay to Mr. Moberly fees and expenses in the amount of $13,661.17.

Dated: May 31, 2019                                          PER CURIAM


Copies to:

Douglas J. Rosinski, Esq.

VA General Counsel (027)