# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 21-1124

CAROLYN CLARK, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENBERG, FALVEY, and JAQUITH, *Judges*.

## O R D E R

It is axiomatic that a court cannot act without jurisdiction. And federal courts have limited jurisdiction, possessing only the power authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress created our Court and limited our jurisdiction to reviewing final decisions of the Board of Veterans' Appeals adversely affecting parties other than the Secretary. We have no authority to expand our review beyond that statutory prescription.

Today's case requires us to consider whether an appeal falls within our limited jurisdiction. The appealed Board order remanded the appellant's only benefits claim. But it also rejected the appellant's purported motion to waive her rights to further development of her case under VA's duty to assist. The Secretary has moved to dismiss this appeal for lack of subject matter jurisdiction, asserting that, because there is no final Board decision granting or denying a benefit, the Court lacks jurisdiction. The appellant does not dispute that the Board remanded her benefits claim, but she argues that the Court's jurisdiction is proper because the Board denied her motion to waive her rights under VA's duty to assist and this was a final adverse decision on the motion. Thus, we are asked to decide whether the Board's denial of the appellant's purported motion to waive her duty-to-assist rights was a final adverse Board decision over which our jurisdiction is proper.

For the reasons explained below, we find that the appealed Board order was not a final decision for our jurisdictional purposes. We will therefore grant the Secretary's motion and dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

On February 22, 2021, Carolyn Clark, through counsel, appealed a January 7, 2021, Board decision remanding her claim for dependency and indemnity compensation (DIC) benefits. Mrs. Clark is the surviving spouse of Army veteran Roosevelt Clark, who unfortunately passed away in August 2013. She seeks DIC benefits based on service connection for the cause of her husband's death.
.

Mr. Clark was a veteran of the Korean War, serving on active duty from December 1951 to November 1953. Board Decision (Dec.), Carolyn Clark, BVA 200110-53448 (Jan. 7, 2021), at 1. At the time of his death in August 2013, Mr. Clark was service connected for several disabilities, including right and left foot frostbite residuals (each 30% disabling), frostbite residuals of the right hand (30%), frostbite residuals of the left hand (20%), peripheral neuropathy of the right and left upper extremities (each 10%), and peripheral neuropathy of the right and left lower extremities (each 10%). Dec. at 2. He had a combined disability evaluation of 90%. *Id.*

After Mr. Clark died, Mrs. Clark sought DIC benefits, asserting that her husband's service-connected disabilities caused or contributed to his death. *Id.*; *see* 38 U.S.C. §§ 1310, 1311; 38 C.F.R. § 3.5 (2021). After an initial denial by the regional office (RO) in October 2013, her claim remained at the VA level for several years. Dec. at 1. The Board remanded the matter in January 2019 and again in July 2019. *Id.* In December 2019, the regional office issued a Supplemental Statement of the Case (SSOC) that continued to deny DIC. *Id.* Mrs. Clark then filed a Notice of Disagreement (NOD) in January 2020, asking for direct review under the Veterans Appeals Improvement and Modernization Act (AMA). *Id.*; *see* 38 C.F.R. § 19.2 (2021). The Board accepted Mrs. Clark's appeal into the direct review docket under the AMA. Dec. at 1.

In an April 2020 letter, Mrs. Clark told the Board that she "unequivocally waive[d] her right under the duty to assist to any additional assistance by the Secretary to obtain medical evidence or a medical opinion." Opposition to Motion to Dismiss (Opp.) Exhibit (Ex.) 2 at 2. Citing *Janssen v. Principi*, she stated that she had "reached an informed conclusion that further development of this claim will be harmful to [the] claim." *Id.*; *see Janssen v. Principi*, 15 Vet.App. 370, 374-75 (2001) (per curiam) (holding that a claimant who is represented by counsel may make the informed decision to waive the Court's consideration on appeal of the claimant's rights under VA's duty to assist and the notice provisions of the Veterans Claims Assistance Act (VCAA)).

In January 2021, the Board remanded Mrs. Clark's DIC claim for VA to correct a pre-decisional error by VA. Dec. at 1-2. The Board determined that the record was "insufficient to adjudicate the appeal" because a VA-contracted medical opinion had ignored relevant evidence and failed to provide an adequate rationale. Dec. at 2. Because of this, the Board found that VA had failed its duty to assist and that remand was necessary to correct the error. Dec. at 2. Noting that the inadequate medical opinion was obtained in response to the Board's July 2019 remand order, the Board also found that VA had failed in its duty to ensure compliance with Board remand instructions. Dec. at 3; *see Stegall v. West*, 11 Vet.App. 268, 271 (1998) (holding that a remand by the Board gives the claimant "a right to compliance with the remand orders" and imposes on the Secretary a "concomitant duty to ensure compliance with the terms of the remand").

Although Board stated that it "recognize[d] the arguments set forth in the April 2020 [letter]," it did not address Mrs. Clark's waiver of her rights to further development under the duty to assist. Dec. at 2.

On remand, the RO continued to develop and adjudicate Mrs. Clark's DIC claim. In February 2021, VA provided a medical opinion responsive to the Board's January 2021 remand order. Secretary's *Solze* Notice (Not.) at 1; *Solze* Not. Ex. 1. Mrs. Clark then sent an April 2021

letter to VA requesting a pause in adjudication under *Groves v. McDonough*. *Solze* Not. at 1; *Solze* Not. Ex. 2; *see Groves v. McDonough*, 33 Vet.App. 368, 378 (2021), *vac'd*, No. 2021-2081, 2022 WL 1548119, at \*3 (Fed. Cir. May 17, 2022). Later in April 2021, the RO issued another rating decision, again denying service connection for the cause of Mr. Clark's death. *Solze* Not. Ex. 3. In June 2021, Mrs. Clark filed another NOD and asked, among other things, for Board review of the RO's "[i]mplicit denial of [her] request to pause adjudication of the remand." *Solze* Not. Ex. 4.

Meanwhile, Mrs. Clark had filed a Notice of Appeal to the Court in February 2021. In June 2021, the Secretary moved to dismiss the appeal for lack of jurisdiction, citing the lack of a final Board decision. Motion to Dismiss (Mot.) at 1-4. Mrs. Clark opposed the motion to dismiss and, at the Court's order, the Secretary replied. Mrs. Clark then moved for initial panel review to decide the jurisdictional question, and the case was sent to panel. The Court heard oral argument on May 3, 2022.

## II. ARGUMENTS

The Secretary asks the Court to dismiss the appeal for lack of subject matter jurisdiction. He emphasizes that the Court's jurisdiction is limited by statute; for a claimant to obtain Court review, Congress has required that there be a final Board decision that adversely affects the claimant. Mot. at 1-2 (citing 38 U.S.C. §§ 7252(a), 7266(a)). Yet, he argues, a Board remand is neither a final decision nor an adverse one. *Id.* The Secretary also notes that the Court has adopted the case-or-controversy requirement of Article III of the U.S. Constitution. *Id.*; *see Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990). If there has been no denial of benefits, then there is no justiciable controversy over which the Court can assert jurisdiction. Mot. at 2-3. Thus, the Secretary asserts, there is neither a final, adverse Board decision nor a live case or controversy. Mot. at 3-4. For these reasons, he concludes, the Court lacks jurisdiction and should dismiss the appeal. *Id.*

Mrs. Clark responds that her April 2020 letter "unequivocally waiv[ing] her rights under the duty to assist" was a "motion for waiver" and that, by remanding the DIC claim for further development, the Board effectively denied her motion. Opp. at 1-2, 4-9. She argues that the Board's denial of her motion was an adverse final decision and that the Court thus can take jurisdiction over it. Opp. at 1, 4-9. Noting that Congress has not defined "decision" or "final decision" for the purpose of the Court's jurisdiction, she urges us to interpret those terms as including the Board's denial of a motion for the waiver of rights under the duty to assist. Opp. at 4-9. She argues that the plain meaning of "final decision," combined with interpretive canons and statutory context, supported her position. *Id.* And she points to our decisions in *Groves* and *Young v. Shinseki*, 25 Vet.App. 201, 202-03 (2013) (en banc) (per curiam), as examples of how the Court can exercise jurisdiction to ensure that the Board correctly addresses motions for waiver. Opp. at 9.

In reply, the Secretary contends that Mrs. Clark's interpretive argument ignores binding precedent about what constitutes a final Board decision for jurisdictional purposes. Reply at 1-5. Pointing to *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000), *Kirkpatrick v. Nicholson*, 417 F.3d 1361 (Fed. Cir. 2005), and *Breeden v. Principi*, 17 Vet.App 475, 478 (2004) (per curiam order), the Secretary asserts that a final Board decision requires that a claim for benefits be either

3

granted or denied. Reply at 2-4. Here, the Secretary argues, the only claim for benefits, for DIC, was remanded—which is neither a grant nor a denial. Reply at 4. Thus, according to the Secretary, the Board did not make a final decision, and the Court lacks jurisdiction. *Id.*

## III. DISCUSSION

We are asked to decide whether the Board erred by denying Mrs. Clark's purported motion to waive her rights under the duty to assist. But we cannot reach that substantive matter without first determining the threshold question of whether we have jurisdiction over this appeal.

### A. The Court's Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen*, 511 U.S. at 377. This Court, "as an Article I tribunal, is a creature of statute" that can act only "through an express grant of authority from Congress." *Burris v. Wilkie*, 888 F.3d 1352, 1358 (Fed. Cir. 2018); *see Dixon v. McDonald*, 815 F.3d 799, 803 (Fed. Cir. 2016) ("'Courts created by statute can have no jurisdiction but such as the statute confers.'" (quoting *Christianson v. Colt Indus. Operating Corp.*, 468 U.S. 800, 818 (1988)).

Section 7252 of title 38 is the sole source of our jurisdiction. *Skaar v. Wilkie*, 32 Vet.App. 156, 180 (2019) (en banc order). That statute provides that the Court has "jurisdiction to review decisions of the Board of Veterans' Appeals." § 7252(a). Moreover, a Board decision must be final for us to take jurisdiction over its appeal. *Skaar*, 32 Vet.App. at 180 ("[A] final Board decision operates as a jurisdictional 'trigger' that gives us the authority to hear a particular appeal."); *Breeden*, 475 Vet.App. at 478. Thus, the Court is statutorily limited to reviewing final Board decisions. *See Skaar*, 32 Vet.App. at 180; *see also Burris*, 888 F.3d at 1358; *Dixon*, 815 F.3d at 803; *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998) ("[T]he [C]ourt's jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed.").

This brings us to the question of what constitutes a final Board decision for the purpose of our jurisdiction. Laying out the jurisdiction of the Board, section 7104 of title 38 provides that "[a]ll questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." 38 U.S.C. § 7104(a). And it tells us that "[f]inal decisions on such appeals shall be made by the Board." *Id.* The Board's jurisdiction is thus based on section 511(a), which gives the Secretary authority to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits." 38 U.S.C. § 511(a). Thus, a "final decision" of the Board involves reviewing and deciding questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits. §§ 511(a); 7104(a).

To the extent that the statutory language leaves ambiguity about what comprises a final Board decision, caselaw provides clarity. In *Maggitt*, the Federal Circuit held as follows: "A 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran: *those benefits are either granted . . . or they are denied*." 202 F.3d at 1376 (emphasis added). Similarly, in *Kirkpatrick*, the Federal Circuit

cited *Maggitt* to find that a Board remand, although arguably erroneous, was not a "decision" granting or denying benefits that the Court could take jurisdiction over. 417 F.3d at 1364-65.

Reiterating the *Maggitt* requirement that a final Board "decision" must grant or deny the benefit sought, the Court in *Breeden* held that a Board remand is not a final decision over which the Court can assert jurisdiction. 17 Vet.App. at 478 ("Because the Board's remand here does not make a final determination with respect to the benefits sought by the veteran, i.e., service connection for PTSD, the Board's remand does not represent a final decision over which this Court has jurisdiction.").

In *Gardner-Dickson v. Wilkie*, the petitioner asked the Court to find that a Board remand was within the Court's prospective jurisdiction. 33 Vet.App. 50, 54-55 (2020), *aff'd sub nom. Gardner-Dickson v. McDonough*, No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) (per curiam). After canvassing relevant precedents, the Court rejected the petitioner's argument and warned against "craft[ing] a judicial expansion of section 7252 to circumvent binding precedent or the statute itself." *Id.* at 56. Following *Maggitt* and *Kirkpatrick*, the *Gardner-Dickson* Court emphasized that "[a] Board remand that does not make a final determination about the benefits sought is 'not a decision within the meaning of section 7252(a).'" *Id.* (quoting *Kirkpatrick*, 417 F.3d at 1365). Similarly, the Court made clear that it cannot hear interlocutory appeals. *Id.* (citing *Young*, 25 Vet.App. at 208 (Lance, J., dissenting)).

All this leads to a definite conclusion: for the Court to take jurisdiction over an appeal from the Board, the Board must have granted or denied benefits, and the claimant must have been adversely affected by the Board's decision.[1]

## B. Application

Mrs. Clark does not argue that the Board rendered a final decision on her DIC claim. *See* Opp. at 1-10; *see also* Dec. at 1 (remanding the DIC claim). Instead, she asserts that the Board denied her motion for waiver and that this was the Board decision that she appealed to the Court. Opp. at 1, 4-9; Oral Argument at 27:45-28:25, *Clark v. McDonough*, U.S. Vet. App. No. 21-1124 (argued May 3, 2022), http://www.uscourts.cavc.gov/oral_arguments_audio.php. After all, she asserts, a motion denial is an adverse final decision on the motion. Opp. at 4-9. Under the properly interpreted language of sections 7252(a) and 7266(a), she argues, this ought to be enough for the Court to take jurisdiction. *Id.* But Mrs. Clark ignores the fact that we do not have a blank slate to interpret the Court's jurisdictional statute. Following binding precedents, including *Maggitt*, *Kirkpatrick*, *Breeden*, and *Gardner-Dickson*, the Court finds that we lack jurisdiction to hear this appeal.

The Board's remand of Mrs. Clark's sole benefits claim is not a final Board decision under section 7252(a). The Federal Circuit and this Court have consistently held that the Court can only take jurisdiction over an appeal when the Board has rendered a final decision on the benefits sought by the claimant. *Kirkpatrick*, 417 F.3d at 1364-65; *Maggitt*, 202 F.3d at 1376; *Gardner-Dickson*,

---

[1] It is, of course, possible for a Board decision to adversely affect the claimant despite the Board granting benefits. For instance, a claimant might disagree with the assigned disability rating or the effective date.

33 Vet.App. at 55-56; *Breeden*, 17 Vet.App. at 478. The parties agree that Mrs. Clark had only one claim for benefits before the Board—her claim for DIC benefits. *See* Dec. at 1-4; Opp. at 1-2; Reply at 1. The Board remanded that claim. Dec. at 1. The Board's remand was neither a grant nor a denial of the benefits Mrs. Clark seeks. *See Breeden*, 17 Vet.App. at 478. Thus, the Board did not render a final decision over which we can take jurisdiction. *See* § 7252(a); *Kirkpatrick*, 417 F.3d at 1364-65; *Maggitt*, 202 F.3d at 1376; *Gardner-Dickson*, 33 Vet.App. at 55-56; *Breeden*, 17 Vet.App. at 478. Similarly, there has been no adverse decision either, *see* § 7266(a), because there has been no decision for our jurisdictional purposes.

For argument's sake, let's assume a version of the facts most favorable to Mrs. Clark: the April 2020 letter was a motion to waive her rights under VA's duty to assist, the Board denied this motion, the Board prejudicially erred by doing so, and we would correct the Board if we could do so. Yet this hypothetical version of the case makes no difference. We still would be left without a final Board decision on the claimed benefit, and we would still lack jurisdiction.

To reiterate, Congress created this Court and limited its power. We have no authority to expand our jurisdiction beyond that delineated by Congress. *See Burris*, 888 F.3d at 1358; *Dixon*, 815 F.3d at 803. And we are bound by caselaw interpreting section 7252 to require a final Board decision granting or denying benefits before we can assert jurisdiction. Mrs. Clark provides no argument that the denial of her purported motion was the denial of a claim. She simply insists that a denial of some sort is all that section 7252(a) requires. Opp. at 1, 4-9. But as shown above by the *Maggitt* line of cases, her view of the law is incorrect.

The Court offers no opinion on whether Mrs. Clark's April 2020 request for a waiver of her rights was a motion that the Board denied. We simply hold that such a motion is not a claim for benefits and that the Board's adverse ruling on a nondispositive motion does not satisfy section 7252(a)'s requirements. Although the Board's rejection of the purported motion is an issue that we could address if we had jurisdiction, it does not itself constitute a denial of benefits that gives us a jurisdictional hook.

Following from the statutory limits of sections 7252(a) and 7266(a), the Court is not persuaded that we currently have the constitutional authority to take jurisdiction over this appeal. As the Secretary notes, we are bound by the case-or-controversy requirement of Article III of the U.S. Constitution. *Mokal*, 1 Vet.App. at 15; *see* Mot. at 1-2. Ripeness is part of the case-or-controversy requirement, *Polovick v. Nicholson*, 24 Vet.App. 257, 258 (2006), and we have held that an issue that remains under consideration by VA is not ripe for Court review, *Urban v. Principi*, 18 Vet.App. 143, 145 (2004) (per curiam order); *see Richard v. Brown*, 9 Vet.App. 266, 269 (1996) (holding that an issue was not ripe for review by the Court because the Board had not made a final decision on the issue). Because the Board remanded Mrs. Clark's only claim, her claim remains before VA and appears to be unripe for our consideration. *See Urban*, 18 Vet.App. at 145.

Although Mrs. Clark cites various cases to bolster her argument, none of them support the Court's exercise of jurisdiction over her appeal. Mrs. Clark relies on *Janssen* for her argument that she had the ability to waive her statutory rights before the Board. Opp. at 2; Opp. Ex. 2 at 2. In *Janssen*, the Court allowed the appellant to waive the Court's consideration of the appellant's rights

under the duty to assist. 15 Vet.App. at 374-75. But unlike here, the Board in *Janssen* had issued a final decision denying benefits sought by the appellant, *id.* at 371, which gave the Court a jurisdictional hook to hear the case in the first place. Mrs. Clark also points to *Groves* and *Young* as examples of the Court exercising jurisdiction to correct Board error, much as she asks us to do here. Opp. at 9; Oral Argument at 36:20-36:55; *see Groves*, 33 Vet.App. at 377-80; *Young*, 25 Vet.App. at 202-03. Yet in each of these cases, too, the Court took jurisdiction only after the Board issued a final decision denying the benefits sought. *See Groves*, 33 Vet.App. at 372-73; *Young*, 25 Vet.App. at 201. Much the same is true with *Grimes v. McDonough*, where the Court asserted jurisdiction over the appeal of a claim referral only after determining that the referral was part of a final Board decision denying benefits. 34 Vet.App 84, 85-86, 89-90 (2021). Each of these cases involved the jurisdictional hook of a final adverse Board decision granting or denying benefits—the key component missing here.

Although we have determined that we lack jurisdiction to hear this appeal, that is not to say that Mrs. Clark is without recourse to pursue her arguments or that, through remand, the Board can inoculate its actions from judicial review. *See Beaudette v. McDonough*, 34 Vet.App. 95, 103 (2021) ("[T]here is a 'strong presumption favoring judicial review of administrative action.'") (quoting *Salinas v. U.S. R.R. Ret. Bd.*, 141 S. Ct. 691, 698 (2021)). Should the Board render an adverse final decision on Mrs. Clark's DIC claim—which is once again before the Board—she can appeal that decision to the Court and raise her arguments here. *See* §§ 7252, 7266. If she believes that VA has unreasonably delayed or otherwise frustrated the adjudication of her claim, she can petition the Court for extraordinary relief under the All Writs Act. *See* 28 U.S.C. § 1651. The Court is sympathetic to Mrs. Clark's situation, particularly considering her advanced age and the long period that has elapsed since her initial DIC claim. Yet concerns about improper delay or potential frustration of the Court's appellate jurisdiction go to the merits of a petition for extraordinary relief. They do not support the Court's jurisdiction over an appeal from a nonfinal Board remand.

We also note an apparent inconsistency between Mrs. Clark's arguments to the Court and those she has made before VA. Before the Court, she warned that any further delay might cause harm. Oral Argument at 46:35-47:00, 48:35-49:20. But on remand from the Board's January 2021 decision, she requested the RO to pause its adjudication of her claim. *Solze* Not. Ex. 2. And after the RO nevertheless issued a rating decision, Mrs. Clark filed a Board appeal challenging the RO's implicit denial of her request to pause. *Solze* Not. Ex. 4. There is an incongruity between, on the one hand, Mrs. Clark's insistence that further delay would harm her, and, on the other hand, her efforts to prevent VA from rendering a final decision on the merits of her claim. This, along with the fact that Mrs. Clark has not petitioned for extraordinary relief, muddles any arguments that the Court must take jurisdiction now to prevent harm from further delay.

Because we lack jurisdiction, we need not further address the substantive questions presented by the parties.[2] These are questions left for another day.

---

[2] We note, however, that a right held by a claimant and a duty placed on VA are two separate things. True enough, the imposition of a duty on VA can create a corresponding or "concomitant" right in a claimant. *Stegall*, 11 Vet.App. at 271. And rights guaranteed to claimants do not generally create corresponding rights in the Secretary. *See Coburn v. Nicholson*, 19 Vet.App. 427, 429-30 (2006) (finding that the claimant's right to compliance with remand orders under *Stegall* did not give the Secretary a similar right to a *Stegall* remand). But it does not necessarily follow that a claimant's voluntary relinquishment of a right categorically forbids VA's performance of a related but separately imposed duty. *Cf. id.* at 430-31 ("[I]n contrast to a *Stegall* remand for compliance with a Court order, which is a right

## IV. CONCLUSION

Upon consideration of the above, it is

ORDERED that the Secretary's June 8, 2021, motion to dismiss Mrs. Clark's appeal is granted and the appeal is DISMISSED for lack of jurisdiction.

DATED: June 15, 2022                                    PER CURIAM.

---

guaranteed to an appellant, a remand on other grounds, particularly one necessitated because appellate review is frustrated because of inadequate reasons or bases, is not exclusively an appellant's right."). Even so, because we lack jurisdiction, we need not reach the question of whether a claimant's waiver of her right to the correction of a pre-decisional error would compel the Board to immediately issue a decision regardless of all other considerations, including VA's own obligations under statutes, regulations, and caselaw.